AULTMAN *et al. v.* McCONNELL *et al.*

*(Circuit Court, S. D. Iowa, W. D.* April 20, 1888.)

1. INSURANCE—ASSIGNMENT OF POLICY.
    When the owner of an insurance policy, after loss, places the same in the hands of an attorney for collection, with instructions to apply the proceeds in payment of his debt to a third person, this does not constitute an assignment of the policy to such third person.

2. SAME—VALIDITY—CHANGE OF POSSESSION—RECORDING.
    The written assignment of a policy, made by the holder after loss, notice of such assignment being served upon the company, and the original holder of the policy retaining possession, is valid as against a subsequent garnishment, and need not be recorded as required by Code Iowa, § 1923, in case of a sale or mortgage of personal property when the vendor or mortgagor retains possession.

At Law.
*Stone & Sims,* for plaintiff.
*Sapp & Pusey,* for intervenor.

SHIRAS, J. In 1886, James McConnell was the owner of a store building in the town of Harlan, Iowa, upon which he held a policy of insurance in the Pennsylvania Fire Insurance Company, for the sum of $700. Joseph G. Peirce held a mortgage on the property as security for a debt due him from McConnell. In August, 1886, the premises were destroyed by fire, and on the 11th of that month McConnell executed a written assignment of the policy to Peirce, as additional security to him. This assignment was not indorsed on the policy, which was at the date of the

assignment in McConnell's safe in the ruins of the burned building. Notice of the assignment of the policy was given to the agent of the insurance company. Subsequently McConnell placed this policy with others in the hands of an attorney, with instructions to collect the policies, and apply the proceeds in payment of a debt due from him to Aultman, Miller & Co., plaintiffs herein. An agent of the plaintiffs visited Harlan for the purpose of settling the account between the firm and McConnell. At that time he endeavored to procure an assignment of the policy in the Pennsylvania Insurance Company, but McConnell refused to sign it, although he did transfer to plaintiffs the other policies on the property. Thereupon plaintiffs brought suit against McConnell by attachment, and garnished the attorney, in whose hands the policy had been placed, and also the agent of the insurance company. The company paid the amount due upon the policy into court, and, Joseph G. Peirce having intervened in the action, the question for determination is, which of the parties, Aultman, Miller & Co., or Joseph G. Peirce, is entitled to the money in the registry of the court.

The evidence fails to show that McConnell in fact made a legal transfer of the policy of insurance to Aultman, Miller & Co. When the policies were handed to the attorney with instructions to collect the same and apply the proceeds, the attorney was not in fact acting for the plaintiffs. True, he had and was acting for Aultman, Miller & Co. in making collections, but it does not appear that he had any authority touching this claim. It was a voluntary act on part of McConnell in handing the policies to him, and the acceptance of them by the attorney did not in any way bind the plaintiffs. If the attorney had the next day presented the policies for payment to the company, and received the money, and had then appropriated it to his own use, or it had been stolen from him, the loss would have fallen on McConnell, and not on the plaintiffs. It must be held that the policy in the hands of the attorney had not been assigned or transferred to the plaintiffs, and the acts of the parties at the time show that such was their understanding. The agent endeavored to procure an assignment of this with the other policies, but McConnell refused to give it, and thereupon a garnishment was served on the attorney. The rights of the parties must therefore be determined by the effect to be given to this garnishment.

There can be no question that as between McConnell and Peirce, and as between the latter and the company, the written assignment executed on the 11th day of August conveyed to Peirce the right to demand and receive the money from the company, the latter having been duly notified of the fact of the assignment. On behalf of plaintiffs it is claimed that the assignment to Peirce is invalid as against them, because McConnell retained actual possession of the policy of insurance after the assignment thereof, and the written assignment was not placed upon the records of the county as required by section 1923, Code Iowa, which enacts that "no sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written in-

strument conveying the same is executed, acknowledged like convey-ances of real estate, and filed for record with the recorder of the county, where the holder of the property resides." The contention between the parties is whether under this section of the statute, it was the duty of Peirce either to have obtained actual possession of the policy when the claim was assigned to him, or, failing in that, to have placed the assignment on the records of the county, and this presents the question whether the property in dispute belongs to that class of personal property intended to be included within this section. The statute was intended to prevent the perpetration of frauds by requiring notice of sales or mortgages to be given, either by actual change of possession of the property, or by the recording of the written evidence of the transfer. To come within the statute the property must be of a character that it can be fairly said to be in possession of the vendor or mortgagor. The real thing in dispute is the claim in favor of McConnell against the insurance company. The policy of insurance is not the property, nor is it even the complete evidence of the right to the property. When the fire occurred, McConnell, by showing that he had a contract of insurance with the company, that the property insured had been destroyed by fire during the life of the policy, and that due notice of the fire and proofs of loss had been given the company, would have thereby established his right to claim payment from the company. This right to payment was property, but it was in the nature of a chose in action, intangible, incapable of manual delivery or actual visible possession, and therefore not within the meaning of section 1923, Code Iowa. The policy by itself was neither the property nor the complete evidence of the claim held by McConnell against the company. If the policy had been burned in the fire, the chose in action or claim existing in favor of McConnell would not have been destroyed, and it is this claim which in fact is the property in dispute between the parties to this litigation. In the case of *Howe* v. *Jones*, 57 Iowa, 130, 8 N. W. Rep. 451, and 10 N. W. Rep. 299, the supreme court of Iowa holds that it is not required to record the assignment of a judgment, as provided in section 1923, on the ground that the judgment is merely evidence of the chose in action or claim, and does not constitute the property itself, within the meaning of this statute, and that a chose in action cannot be said to be in the present possession of the owner or holder thereof. If a judgment, which in itself is complete evidence of a claim, is not properly within the meaning of section 1923, it is clear that the policy of insurance, which is only part of the evidence necessary to make out the claim against the company, cannot be deemed to be the property in dispute in this case. The policy itself is of no value. What the parties are seeking to reach, is the claim due to McConnell from the insurance company. This claim is not tangible property, and cannot be said to be in the visible or actual possession of any one, within the meaning of section 1923, and the provisions of this section are not applicable to the transfer of this claim. When the writ of garnishment was served upon the attorney and the agent of the company, the claim in favor of McConnell had already been

assigned to Peirce, and notice thereof had been given to the company. McConnell had no longer any interest or right of property in the claim thus assigned, and the garnishment was therefore unavailing. Judgment will therefore be entered in favor of the intervenor, Joseph G. Peirce, and an order directing the payment to him of the money paid into court by the insurance company. Also judgment in his favor against plaintiffs for costs.