**Matter of ACRYLITE PLASTICS, Inc., Bankrupt.**
**No. 90138.**

United States District Court
S. D. New York.
Sept. 19, 1956.

Henry & Myers, New York City, for trustee and receiver in bankruptcy.

LEVET, District Judge.

This is a motion by the receiver in bankruptcy herein, who is also the trustee in bankruptcy, for reargument of a motion to confirm the referee's report on allowances. The original motion was submitted without opposition and the referee's report was approved by this Court by an order dated July 25, 1956.

It is contended that the referee erred in disallowing commissions to the receiver on the sum of $12,500 which was received by the trustee as payment on certain fire insurance policies of the

bankrupt. The bankrupt had been engaged in the business of fabricating plastics, with a place of business in New York City. On or about February 27, 1954, a fire destroyed all of the bankrupt's property contained in its plant. It is claimed on this motion for reargument that the turning over of the fire insurance policies by the receiver to himself as trustee was a "turning over of property in kind" upon which commissions should be allowed pursuant to Section 48, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 76, sub. a(2).

Section 48, sub. a(2) of the said Act allows commissions to receivers upon "the moneys * * * afterward realized by the trustees from property turned over in kind by them [receivers] to the trustees * * *." This section was treated by the Court of Appeals in Hammer v. Tuffy, 2 Cir., 1944, 145 F.2d 447. In said case, the receiver in bankruptcy, who was thereafter appointed bankruptcy trustee, appealed from an order which denied commissions on the value of two claims which the bankrupt had against two estates of deceased persons. The Court said, 145 F.2d at page 451:

"The question is whether the claims of the bankrupt against the two decedents' estates, were 'property turned over in kind' by Tuffy, as receiver, to Tuffy, as trustee. If they were 'turned over' at all, they were indeed turned over 'in kind'; but we think that they were not 'turned over.' All that happened was that Tuffy was appointed trustee. We think that the clause refers to such property as at least permits of physical transfer: e. g. chattels, or notes, bonds, warehouse receipts or the like, which are regarded for many purposes as incorporating the choses in action or the chattels of which they are the evidence. We do not believe that a receiver, who has no control over such causes of action as are here in question, can be said to turn them over to the trustee who is substituted in his place."

The word "property" when used without qualification can be construed to include obligations, rights and other intangibles, as well as physical things. A fire insurance policy represents a claim against the issuing company upon the happening of certain contingencies. This claim is a property right in the form of a chose in action. However, unlike notes, bonds and warehouse receipts which may be negotiable instruments and when indorsed and delivered thereby effect a transfer of the property or claim which they represent, a policy of insurance is not a negotiable instrument and is not complete evidence of the claim. The manual delivery of the policy to another does not thereby transfer the claim to the recipient of the policy. This point was clearly expressed in Aultman v. McConnell, C.C., 34 F. 724, where the Court said:

"The real thing in dispute is the claim in favor of McConnell against the insurance company. The policy of insurance is not the property, nor is it even the complete evidence of the right to the property. When the fire occurred, McConnell, by showing that he had a contract of insurance with the company, that the property insured had been destroyed by fire during the life of the policy, and that due notice of the fire and proofs of loss had been given the company, would have thereby established his right to claim payment from the company. This right to payment was property, but it was in the nature of a chose in action, intangible, incapable of manual delivery or actual visible possession * * *. The policy by itself was neither the property nor the complete evidence of the claim held by McConnell against the company. If the policy had been burned in the fire, the chose in action or claim existing in favor of McConnell would not have been destroyed, and it is this claim which in fact is the property in dispute between the parties to this litigation." 34 F. at page 726.

The fire insurance claim in the instant case constituted a cause of action which simply followed the office from receiver to trustee. It was a property right which was incapable of manual delivery and was not "turned over in kind" within the meaning of Section 48, sub. a(2) of the Bankruptcy Act when the receiver delivered the fire insurance policies to himself as trustee.

It is further noted that there is no proof of service of the motion papers upon the tax claimants. Consequently, this Court is not surprised by the lack of opposition to this motion. Nevertheless, the motion for reargument must be denied.

So ordered.