Duane E. Briley et ux., plaintiffs, v. Madrid Improvement Company, Polk City Savings Bank et al., defendants.

No. 51021.

(Reported in 122 N.W.2d 824)

JULY 16, 1963.

Wilson, Maley & Stamatelos, of West Des Moines, for Polk City Savings Bank, appellant.

Mahoney, Jordan, Statton & Smith, of Boone, for plaintiffs-appellees.

James W. Newell, of Creston, for William J. Kendall, appellee.

Edward L. Spellman, of Perry, appellee per se.

LARSON, J.—The only issue before us in this appeal is whether the trial court erred in granting lien priority to judgment creditors who caused garnishment to be levied against moneys or credits due the debtor on a real-estate contract, which contract had been assigned and deposited as collateral security for payment of debtor's note to the appellant bank.

I.  As a general rule, an attachment or garnishment is effective only to the extent of the debtor's interest in the property attached, and the lien does not displace prior equities or rights. The right first acquired is, as a rule, superior. It is generally held that the lien of an attachment or garnishment is not superior to any prior and existing possessory interest, as in the case of a bailment or a pledge. 6 Am. Jur.2d, Attachment and Garnishment, section 464, page 886. To the same effect see 5 Am. Jur., Attachment and Garnishment, section 843, page 104; Wilson v. Kelso, 250 Iowa 67, 70, 92 N.W.2d 392. That rule applies here.

From this record it appears that on November 2, 1960, the defendants Kendall and Spellman, judgment creditors of the defendant Madrid Improvement Company, hereinafter referred to as the corporation, caused garnishment to be levied against the plaintiffs, Duane E. Briley and Margaret M. Briley, for moneys or credits due the defendant corporation on a written real-estate contract dated March 26, 1956. The plaintiffs then brought this suit in equity alleging these defendants and the Polk City Savings Bank claimed some interest in the balance due on the contract, tendered this sum into court and prayed for a decree granting them a deed to the real estate, quieting title in them, and for other relief proper in the premises.

All defendants, except the debtor corporation which had had its charter canceled April 8, 1957, appeared and asked that their claims to the proceeds be granted priority. The trial court granted plaintiffs relief as prayed, and a court-appointed commissioner deeded the property to plaintiffs and received the bal-

ance due on the contract of $2274.25. This part of the judgment is not questioned, but the appellant, Polk City Savings Bank, hereinafter referred to as the bank, was most unhappy when the court ordered the judgment of September 28, 1959, entered in favor of defendant Spellman first paid from those receipts in the sum of $401.25 plus interest and costs, and ordered the judgment of October 4, 1956, in favor of defendant Kendall next paid in the sum of $1100 plus interest and costs. The balance was ordered paid to the bank to be credited upon its collateral note held against the debtor corporation. Obviously, the bank's claim of some $1500 could not be paid in full, and nothing would remain for the debtor corporation. It is appellant bank's contention that its lien was entitled to priority over the claims of the other defendants, and under the circumstances disclosed by this record we must agree.

The facts are not in serious dispute. On the 26th day of March, 1956, the plaintiffs purchased certain real estate on contract from the corporation for $4250, with $600 down and the balance payable at $40 per month, with the privilege of paying the balance at anytime. The contract was duly recorded March 27, 1956. On July 24, 1956, the corporation obtained a loan of $2850 from appellant and executed a collateral note listing this real-estate contract as security for payment. On that date $3584.68 remained unpaid on the real-estate contract. The plaintiffs were promptly notified of this transaction and were told to make their $40 monthly payments to the bank, which they did until the time of the garnishment. Exhibit C, a deed from the company to plaintiffs, under date of August 13, 1956, was also delivered to the bank to be held until the payments under the contract had been made. On the back of a copy of the real-estate contract appeared the following: "July 23, 1956. Pay to the order of Polk City Savings Bank, Polk City, Iowa. Madrid Improvement Company, Inc. by S. S. Foster, Business Manager & Secy & Treas." This was introduced as defendant bank's Exhibit B. Mr. Alfred F. Miller, the bank's vice-president, testified as to the execution of this instrument and recalled putting the date July 23, 1956, on Exhibit B at that time. This exhibit, along with Exhibit A, the collateral note dated July 24, 1956,

he said, was delivered to the bank on or about that date, and as monthly payments were made by plaintiff they were recorded as corporation credits on the back of Exhibit A. They covered approximately four years' time.

It is appellant's contention the evidence clearly establishes that the right and interest in and to the moneys due under the real-estate contract to the extent of the corporation's indebtedness evidenced by the collateral note were duly assigned and delivered to the bank on July 24, 1956, that this assignment established the bank's lien on said moneys as of that date, and that since defendants Spellman and Kendall did not acquire their liens until November 2, 1960, by garnishment, the bank's lien was prior and should have been so declared by the court. We think the evidence adequately establishes a valid assignment of intangible property.

II. We have made it abundantly clear that, as to personal property capable of physical transfer, such transfer of possession must be made prior to the attachment or garnishment to preserve a lien priority. As to intangible property such as choses in action or debts not represented by negotiable instruments, no pronouncements seem to have been made, and except for the right to assign such indebtedness or obligation under section 539.1, we find no statutory provisions relating to such assignments or their priorities. No necessary statutory filing or recording requirements are cited by appellees or were referred to by the trial court in its decision. It seems, therefore, a fair conclusion that the date of assignment, when established by satisfactory proof thereof, is all that is required to preserve the lien priority of such an assignee. Aultman v. McConnell, C. C. 1888, 34 F. 724; Vigars v. Hewins, 184 Iowa 683, 688, 169 N.W. 119; Yetley v. Irons, 238 Iowa 23, 25 N.W.2d 677, 168 A. L. R. 1159.

III. A written assignment of a chose in action or other right in personal property generally is sufficient if it is delivered to the assignee without being affixed to any other instrument showing title or a right to the thing assigned, and any language, however informal, will suffice if it shows the intention of the owner of that property to transfer it. In Petty v. Mutual Benefit Life Ins. Co., 235 Iowa 455, 464, 15 N.W.2d 613, we held a

policy of life insurance was a chose in action and assignable as such. It was said therein: "As a general rule, it is sufficient if the written assignment of the chose in action is delivered to the assignee, without any delivery of other paper showing title to the chose in action." Also see Andrew v. Bankers Life Co., 214 Iowa 573, 240 N.W. 215. In Vigars v. Hewins, supra, we held a later assignment in writing consummating the terms of an express parol understanding and agreement was sufficient to establish an equitable lien as of the date of the parol contract. Also see Aultman v. McConnell, supra.

We find section 539.1, Code of Iowa, 1962, authorizes such assignments, providing: "Bonds, duebills, and all instruments by which the maker promises to pay another, without words of negotiability, a sum of money * * * are assignable by indorsement thereon, or by other writing, and the assignee shall have a right of action thereon in his own name, subject to any defense or counterclaim which the maker or debtor had against any assignor thereof before notice of such assignment."

In the case at bar the instrument executed and delivered to the appellant bank sufficiently described the interest being assigned. It was typed on the back of a copy of the contract. It clearly disclosed a present intention of the parties to transfer to the bank the owner corporation's interest in the obligation owed it under the real-estate contract. In addition, it appears that the obligors under the contract were promptly notified and assented thereto by making payments to the assignee bank.

It is true, as appellees contend, that this assignment was in the nature of a pledge and that a pledge usually involves a physical transfer of property, but, as we shall point out later, such a physical transfer requirement generally relates to tangible rather than intangible property such as choses in action not capable of such physical transfer. In the latter situation a symbolical transfer is generally considered adequate. This being the case, we are satisfied the execution and transfer of the owner's interest to the extent of its obligation to the bank were sufficiently established. All the essentials were present—good consideration, a manifest intent to transfer title, a good delivery, and an acceptance by the obligor. We are satisfied the as-

signment was completed on July 24, 1956, and, unless under some statutory provision its procedure was insufficient to preserve its lien priority, the bank's lien became fixed as of that date. We find none.

IV. It is well established in this jurisdiction that an executory contract for the sale of land, such as the real-estate contract Exhibit 1, unless otherwise expressed, works an equitable conversion whereby the interest of the vendor becomes personalty and the vendee, in the contemplation of equity, is actually seized of the estate. In re Estate of Baker, 247 Iowa 1380, 78 N.W.2d 863, 64 A. L. R.2d 902; 19 Am. Jur., Equitable Conversion, section 11, page 11; Inghram v. Chandler, 179 Iowa 304, 306, 308, 161 N.W. 434, 435, L. R. A. 1917D 713. Although properly classified as personalty, an assignment of the proceeds of a real-estate contract, of rights under a judgment, or of an insurance policy, may be more specifically described as choses in action not readily capable of physical transfer. Such being the case, it is doubtful that they were intended to come within the provisions of section 556.3, Code of Iowa, 1962, which provides that "No sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and such instrument or a true copy thereof is duly recorded 'by, or filed and deposited with, the recorder * * *." In choses in action matters we have held the recording acts do not apply. Glancy v. Ragsdale, 251 Iowa 793, 803, 102 N.W.2d 890, and citations. We hold it not applicable here.

. In Yetley v. Irons, supra, 238 Iowa 23, 25 N.W.2d 677, 168 A. L. R. 1159, it was held a purchase-money chattel mortgage was subject to the provisions of section 556.3 because, cattle being such tangible property, possession could not be retained to deceive existing creditors or subsequent purchasers for value. Also see Wilson v. Kelso, supra, 250 Iowa 67, 73, 92 N.W.2d 392, and citations.

It has often been said that this statute was intended to prevent the perpetration of frauds by requiring notice of sales

or mortgages to be given, either by actual change of possession of the property or by the recording of the written evidence of the transfer. To come within the statute, the property must be of a character that it can be fairly said to be in the possession of the vendor or mortgagor. The real thing in dispute here is the claim in favor of the corporation against the plaintiff-purchasers. The real-estate contract, like the policy of insurance in the Aultman v. McConnell and Petty v. Mutual Benefit Life cases, supra, is not the property, nor is it even the complete evidence of the property—here the proceeds from the real-estate sales contract. The right to payment, of course, was property, but being in the nature of a chose in action, is intangible, incapable of manual delivery or actual visible possession, and the contract itself was not complete evidence of the claim. If the contract had been destroyed, the chose in action or claim against the plaintiffs in favor of the corporation would have survived, and it is this claim which is in fact the property in dispute in this contest. Also see Howe & Co. v. Jones, 57 Iowa 130, 8 N.W. 451, and 10 N.W. 299, where this court held the assignment of a judgment need not be recorded or filed under a like statute, and that the judgment is merely evidence of the chose in action or claim, and does not constitute the property itself. We are satisfied filing or recording was not required here to preserve the bank's prior lien to the proceeds of this real-estate contract.

Nevertheless, if some showing were required that the corporation had not retained actual possession of this claim, the evidence is substantial that it was transferred by an assignment or indorsement on a copy of the contract, and that a copy of that instrument as evidence of the claim was transferred to the bank-assignee; that the debtor was notified and made the payments to the bank. We think it might well be held sufficient to satisfy the requirements of section 556.3, if applicable. Certainly the corporation did not retain possession or control of the claim after its assignment as security on its bank obligation, and to the extent that it could be transferred or delivered it was delivered to the bank. For a complete discussion of the requirements of this section, see Wilson v. Kelso, supra, 250 Iowa 67, 70, 92 N.W.2d 392, and many citations.

V. There was no issue raised as to the date of the establishment of the Spellman and Kendall liens, but it is clear neither was established until November 2, 1960, and as garnishors their rights to priority must date therefrom. The record before us does not show which of these judgment creditors first garnisheed plaintiffs on November 2, 1960, and which was entitled priority. However, we may assume Spellman was prior in point of time because his lien was given preference in the trial court's decree, and no appeal was taken by Kendall. Thus their positions as to priority between themselves would remain the same. In other words, it is our conclusion that after the satisfaction of the bank's prior lien of $1404.04 plus interest and costs, the lien of Spellman must be satisfied, and then any amounts remaining should go toward the satisfaction of the Kendall lien.

VI. No evidence of fraud on the part of appellant-bank or the corporation appears herein, and of course appellees' belated claim of estoppel cannot now be considered. Estoppel was never pleaded, but had it been under the facts as disclosed by this record it clearly was not established. Abel v. Abel, 245 Iowa 907, 65 N.W.2d 68; Watts v. Archer, 252 Iowa 592, 107 N.W.2d 549.

For judgment in accordance with Division V of this opinion, the cause is remanded.—Reversed and remanded.

All JUSTICES concur.