GROCERS WHOLESALE COOPERA-
TIVE, INC., Plaintiff,

v.

Orin K. GOODRICH et al., Defendants,
United States of America, Intervenor.

Civ. No. 6–1655–C–1.

United States District Court
S. D. Iowa,
Central Division.

Jan. 21, 1966.

D. M. Statton, U. S. Atty., and Louis J. Lombardo, Tax Div., Dept. of Justice, for intervenor, United States.

Harold W. Bracewell, Asst. Atty. Gen., State of Iowa, for defendant, State Tax Commission of Iowa.

William O. Lewis, Harlan, Iowa, for defendant, Harlan Nat. Bank.

STEPHENSON, Chief Judge.

The matter now before the Court involves a determination of the priority of various claims to funds deposited herein under a decree of interpleader.

Plaintiff, Grocers Wholesale Cooperative, Inc., foreclosed its chattel mortgage upon the merchandise, stock in trade, and furniture and fixtures of mortgagors defendants, Orin K. Goodrich and Donald C. Goodrich (Goodrichs) on February 21, 1965. A private sale was held at the time resulting in an excess of $5,894.05 over and above the indebtedness of said mortgagors. Various claims were made to these excess funds and plaintiff then filed a complaint in interpleader asking the court to determine the respective rights of the various claimants and to discharge plaintiff from all liability.[1] Thereafter various motions were heard by the Court in connection with the interpleader action itself. Ultimately a decree of interpleader was entered by the Court discharging plaintiff from further liability and allowing certain attorney fees and costs to plaintiff. There now remains for distribution the sum of $4,936.93 to those defendants or intervenor determined to be entitled thereto.

After a pretrial conference it was determined and Ordered that "the only issues remaining relate to the matter of priority by the United States of America, State of Iowa, Harlan National Bank and Shelby County."[2] Thus, the Court will now confine its findings with respect to the four claimants mentioned. The facts have been stipulated.

---

1. Plaintiff deposited the sum of $5,894.05 into the registry of the Court.

2. This was conditioned upon the decree of interpleader being entered as prayed, which was thereafter done.

Defendant, The Harlan National Bank (the bank) claims it has priority by virtue of an assignment dated February 26, 1965, wherein defendants, Orin K. and Donald C. Goodrich assigned to the bank all funds due the assignors from the plaintiff "as will satisfy the debt of Harlan National Bank, Harlan, Iowa." The assignment was to secure a previous indebtedness due from assignors to the bank which exceeded the sum in the hands of the plaintiff and now available for distribution by the Court. If the bank prevails, all of the funds herein would be awarded the bank.

Intervenor, United States of America, claims priority by virtue of an assessment made against the defendants, Goodrichs, on February 12, 1965, by a delegate of the Secretary of the Treasury in the amount of $1,214.02, including penalty and interest. The notice of tax lien for said assessment was properly filed in the Recorder's office, Shelby County, Iowa, on April 9, 1965.[3]

Defendant State Tax Commission of Iowa (Iowa) claims priority by virtue of assessments made against defendants, Goodrichs, for unpaid retail sales taxes in the total amount of $3,849.15 by the Commission on March 11, 1965, notice of which liens were properly filed in the Recorder's office, Shelby County, Iowa, on March 12, 1965. Although the assessments were made March 11, 1965, Iowa claims that out of the foregoing total assessments it had a statutory lien on January 31, 1965, in the amount of $2,677.44 for sales taxes for the period October 1–December 31, 1964, due and payable January 31, 1965.

Defendant, Shelby County claims priority by virtue of a claim for personal property taxes in the amount of $1,041.44 against the defendant, Goodrichs. However, it is conceded that pursuant to Section 444.9 Code of Iowa 1962, said personal property tax claim could not be determined or levied until on or after September 1, 1965. However, Shelby County claims that by virtue of Section 445.29 Code of Iowa, 1962, its lien dates back to January 1, 1965.

▮ The federal tax assessment was made on February 12, 1965, and under the provisions of 26 U.S.C. §§ 6321, 6322 the federal government had a perfected and choate lien upon Goodrichs' property from that date on. Since Iowa did not assess its sales tax liens until March 11, 1965, the federal liens, being first in time, are prior in right. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). The fact that the notice of the federal liens was not filed until April 9, 1965, does not defeat the priority. The Iowa liens do not come within the exceptions set out in 26 U.S.C. § 6323. It cannot be classified as a mortgagee, pledgee, purchaser or judgment creditor. See United States v. Gilbert Associates, Inc., 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953); United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950). The lien of the United States in the amount of $1,214.02 is therefore prior to any liens of Iowa. The Iowa sales tax liens were not perfected and choate as to the United States liens until March 11, 1965, when the same was assessed. United States v. Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964). As of said date Iowa's liens were sufficiently choate to warrant priority over federal assessments made in April.[4]

▮ As between the federal government and Shelby County, the federal lien prevails. Under the provision of Section 444.9 Code of Iowa 1962, the personal property tax claim could not be determined or levied until September 1, 1965. The fact that under Section 445.29 Code of Iowa 1962 the tax liens are deemed to relate back to January 1 of the year in which assessed, does not cut off a perfected federal tax lien. United States v.

---

3. Additional tax assessments were made by the United States on April 9, 1965, which intervenor concedes are subordinate to sales tax liens of the State of Iowa. So, therefore, these assessments will not be set out herein.

4. See n. 3, supra.

Security Trust & Savings Bank, supra, 340 U.S. at p. 50, 71 S.Ct. 111.

■ Since the federal government tax assessment was prior in time to the assignment made to the bank it will prevail unless the bank comes within the four interests set out in 26 U.S.C. § 6323 "mortgagee, pledgee, purchaser, or judgment creditor." Randall v. Colby, 190 F. Supp. 319, 337–341 (N.D.Iowa 1961). At the most the assignment to the bank was additional security for a pre-existing indebtedness. See United States v. Franklin Federal Savings & Loan Ass'n, 140 F. Supp. 286 (M.D.Pa.1956). The Court finds the bank is not a mortgagee, pledgee, purchaser, or judgment creditor.

Insofar as the intervenor is concerned, the Court holds that the United States of America is entitled to first priority and judgment will be entered accordingly in the amount of $1,214.02, plus interest.

■ The Court must next determine the priority of Iowa's tax liens over the claims of the bank and of Shelby County. The sales tax for the last quarter of 1964 in the amount of $2,627.44 became due on the last day of January 1965 (Section 422.52 Code of Iowa 1962) and by statute a lien was then imposed for said tax in favor of the state (Code of Iowa 1962 § 422.26). The lien is stated to be prior and paramount over all subsequent liens upon any personal property within the state without the necessity of recording (Code of Iowa 1962 § 422.56). However, under Iowa law it is provided:

"In order to preserve the aforesaid lien against subsequent mortgagees, purchasers or judgment creditors, for value and without notice of the lien, on any property situated in a county, the commission shall file with the recorder of the county, in which said property is located, a notice of said lien."

Thus if the bank is a mortgagee, purchaser or judgment creditor for value it must prevail because Iowa's lien was not recorded until after the assignment to the bank was made. There are no decisions under the Iowa tax lien statute. However, under Iowa recording statutes pertaining to personal property it is clear that one acquiring a pledge as security for pre-existing indebtedness is not a subsequent purchaser under the statute (§ 556.3 Code of Iowa 1962). Soehren v. Hein, 214 Iowa 1060, 243 N.W. 330 (1932). It is recognized that the instant assignment need not be recorded as required by Section 556.3. Briley v. Madrid Improvement Co., 255 Iowa 388, 122 N.W.2d 824 (1963). However, we are concerned with determining whether the bank was a subsequent purchaser for value. It is clear from the record that the bank parted with nothing of value when it took the assignment from Goodrichs. The assignment was additional security for a pre-existing debt.[5]

The Court concludes that Iowa has priority over the bank.

■ This leaves the question of whether Iowa prevails over Shelby County. It is abundantly clear the Iowa lien was perfected prior to the personal property tax being determined. The doctrine of relating back cannot defeat the perfected lien of Iowa.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

Judgment will enter for the United States as previously indicated herein. Judgment for the balance of the funds remaining in the registry of the Court will be awarded the State Tax Commission of the State of Iowa. Counsel for intervenor will submit an appropriate form of judgment.

5. It should also be noted the record indicates the bank reduced Goodrichs' indebtedness to it by a voluntary offset made by the bank against Olsen's A.G. account held in said bank in the amount of $5,849.05. The validity of this offset is being contested by Olsen in a State Court action.