Lemar KOETHE, d/b/a Carmel Heights Apartments, Appellant,

v.

Harold E. JOHNSON, Defendant,

and

Des Moines Water Works, Garnishee-Appellee.

No. 67493.

Supreme Court of Iowa.

Dec. 22, 1982.

William H. Michelson, Des Moines, for appellant.

John R. Mackaman and Barbara G. Barrett of Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for garnishee-appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, HARRIS, McGIVERIN, and CARTER, JJ.

McGIVERIN, Justice.

The district court dismissed a garnishment action by plaintiff creditor against the public employer of the debtor. This discretionary review in a small claims case involves the interplay between the Iowa garnishment statute, Iowa Code ch. 642 (1981), and restrictions on garnishment under the federal Consumer Protection Act, 15 U.S.C. §§ 1671–77 (Supp. IV 1980). The basic issues raised by plaintiff Lemar Koethe, d/b/a Carmel Heights Apartments, are (1) the effect of a prior assignment of wages for child support on a creditor's ability to garnish a debtor's wages, and (2) the applicability and proper construction of the statute governing garnishment of public employers. Iowa Code § 642.2. We affirm the judgment of the district court.

On December 11, 1980, plaintiff obtained a $300 small claims judgment against Harold E. Johnson who had broken his lease with plaintiff without notice. Johnson made only two $50 payments on the judgment, and on April 22, 1981, a wage garnishment proceeding under Iowa Code chapter 642 for the remaining $200 of the judgment, plus interest and costs, was commenced against Des Moines Water Works, Johnson's employer. Johnson is paid every two weeks. At the time of the garnishment his net earnings were approximately $345 per pay period; the amount varied somewhat due to overtime worked.

The notice of garnishment was served on Water Works four days into a pay period. Water Works answered the garnishment questions, Iowa Code § 642.5, stating that it owed Johnson $127.92. This figure was determined by subtracting from Johnson's gross earnings, owed for the pay period up to the time of the garnishment, a $130 biweekly wage assignment for child support, that previously had been ordered in a dissolution of marriage action. The result of this method of computation was to exempt all of Johnson's wages from garnishment under 15 U.S.C. section 1673.

Plaintiff filed a petition controverting the answers of Water Works under Iowa Code section 642.11, and a hearing was held in small claims division of district court.[1] The court ruled that Johnson's wages, after appropriate deductions, were insufficient to be reached by plaintiff's garnishment.

Plaintiff appealed to a district court judge. Iowa Code § 631.13. That court ruled that Johnson's unpaid earnings, at the time of garnishment, amounted to $257.92 ($127.92 plus the $130 assigned as child support). In addition, the court found that

1. Johnson was duly notified of all proceedings in this case but has taken no part in them.

Water Works was a public employer and that under Iowa Code section 642.2(5) the more stringent wage exemption standards of Iowa Code section 537.5105 applied, leaving nothing for plaintiff to garnish.

Plaintiff sought and we granted discretionary review. Iowa Code § 631.16.

■ I. *Standard of review.* The standard of review of a discretionary review appeal of a small claims action depends on the nature of the case. If the action is a law case, as in the present action, we review the judgment of the district court judge on error. *Roeder v. Nolan,* 321 N.W.2d 1, 3 (Iowa 1982). Consequently, the district court judge's findings of facts have the force of a jury verdict and are binding if supported by substantial evidence. *Ravreby v. United Airlines, Inc.,* 293 N.W.2d 260, 262 (Iowa 1980).

II. *Effect of prior assignment for support.* In essence, plaintiff contends that Johnson's wages should be subject to garnishment by a judgment creditor even though a prior court order requires that Johnson assign more than 25% of his disposable earnings to child support obligations. We conclude that Iowa Code chapter 642 and the federal Consumer Protection Act do not support such a contention.

■ A. We initially examine the federal act. The primary purpose of the Consumer Protection Act was to limit the ills which flowed from the unrestricted garnishment of wages;[2] no effort was made to protect the rights of creditors.[3] The Act works in tandem with state law. It provides the minimum protection afforded a debtor; in any state that provides stricter laws against garnishment, the Act will yield to state law. 15 U.S.C. § 1677.

The principal provision of the Act is 15 U.S.C. section 1673, which, as amended in 1977, provides in pertinent part as follows:

(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hours wage . . . .

(b)(1) The restrictions of subsection (a) of this section do not apply in the case of

(A) any order for the support of any person issued by a court of competent

2. The congressional findings and declaration of purpose were as follows:

(a) The Congress finds:

(1) The unrestricted garnishment of compensation due for personal services encourages the making of predatory extensions of credit. Such extensions of credit divert money into excessive credit payments and thereby hinder the production and flow of goods in interstate commerce.

(2) The application of garnishment as a creditors' remedy frequently results in loss of employment by the debtor, and the resulting disruption of employment, production, and consumption constitutes a substantial burden on interstate commerce.

(3) The great disparities among the laws of the several States relating to garnishment have, in effect, destroyed the uniformity of the bankruptcy laws and frustrated the purposes thereof in many areas of the country.

(b) On the basis of the findings stated in subsection (a) of this section, the Congress determines that the provisions of this subchapter are necessary and proper for the purposes

of carrying into execution the powers of the Congress to regulate commerce and to establish uniform bankruptcy laws. 15 U.S.C. § 1671.

3. As originally introduced, the House bill contained a blanket prohibition against all garnishment of wages. *H.R.Rep. No. 1040, 90th Cong., 2d Sess. (1968), reprinted in 2 (1968) U.S.Code Cong. and Ad.News 1962, 1978 (H.R. Rep. Reprint).* See also remarks of Representative Sullivan, 114 Cong.Rec. 14388 (1968):

"By far the biggest controversy in the whole bill—even larger than the controversy over revolving credit—involved the subject of garnishment. In H.R. 11601 as originally introduced, we proposed the complete abolishment of this modern-day form of debtors' prison.... But we were willing to listen to the weight of the testimony that restriction of this practice would solve many of the worst abuses, while abolishment might go too far in protecting the career deadbeat."

jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.

\* \* \* \* \* \*

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

■ We note that the Act does not establish any order of priority among garnishments; thus the matter of priority between garnishments is to be determined by state law. 29 C.F.R. § 870.11(b)(2) (1981); *Long Island Trust Co. v. United States Postal Service,* 647 F.2d 336, 338 (2d Cir. 1981). In Iowa, the garnishment right first acquired is, as a general rule, superior. *Verschoor v. Miller,* 259 Iowa 170, 177, 143 N.W.2d 385, 389 (1966). The rights to priority date from the date the garnishment was first levied against the garnishee. *Briley v. Madrid Improvement Co.,* 255 Iowa 388, 396, 122 N.W.2d 824, 828 (1963).

■ B. The issues raised by plaintiff next require the construction of two key terms within the Act: "garnishment" and "disposable earnings."

We turn first to the question of whether an order to assign wages to meet support obligations is a "garnishment." "Garnishment" is defined in 15 U.S.C. section 1672(c) as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt."

■ The following language in *Marshall v. District Court for Forty-First-b Judicial District of Michigan,* 444 F.Supp. 1110, 1116 (E.D.Mich.1978) is persuasive:

Any order for support of any person within the scope of section 303(b)(1) of the Act [15 U.S.C. § 1673(b)(1)] as enacted (or section 303(b)(1)(A) of the Act [15 U.S.C. § 1673(b)(1)(A)] as amended effective June 1, 1977) is an order falling within the definition of "garnishment" order contained in section 302(c) of the Act [15 U.S.C. § 1672(c)] if, pursuant to it, the earnings of any individual are required to be withheld to meet the requirements of the order.

We conclude that the wage assignment made by Johnson to satisfy his support obligations was a garnishment within the meaning of 15 U.S.C. section 1672(c). For the purposes of this Act, it is immaterial whether the court order *orders* or merely *coerces* a principal defendant to assign a portion of his wages for support. *Marshall,* 444 F.Supp. at 1116.

Second, we must consider the meaning of "disposable earnings." We affirm the district court's finding that the $130 assigned for support is a part of Johnson's disposable earnings.

"Disposable earnings" is defined in 15 U.S.C. section 1672(b) as that part of an individual's gross compensation for personal services that remains after deduction of amounts required by law to be withheld. For the purposes of this definition, amounts withheld pursuant to an order of support are not "required by law to be withheld." *Marshall,* 444 F.Supp. at 1115. For the

purposes of 15 U.S.C. section 1672(b) "amounts required by law to be withheld" clearly include deductions for federal, state and local withholding taxes, and social security taxes. *Marshall*, 444 F.Supp. at 1115; *First National Bank v. Hasty*, 415 F.Supp. 170, 173, *aff'd*, 573 F.2d 1310 (6th Cir.1976).

If support, withheld pursuant to a court order, were included in the definition of "amounts required by law to be withheld" the result would be contrary to the purposes of the Act. Up to sixty-five percent of the employee's after-tax earnings could be withheld for support, 15 U.S.C. § 1673(b), and since this amount would be subtracted to determine "disposable earnings" an additional twenty-five percent of these disposable earnings could be garnished by general creditors. This hypothetical result is clearly an incorrect reading of the Act. It would be inconsistent with Congress's overall purpose of restricting garnishment to cumulate the subsections of 15 U.S.C. section 1673 to allow garnishment of up to ninety percent of an employee's after-taxes income. *Long Island Trust Co.*, 647 F.2d at 341.

Our conclusion is reinforced by the manner in which 15 U.S.C. section 1673 has been construed by the Secretary of Labor, who is charged with enforcing the provisions of the Act. Department of Labor regulations give the following illustration of compliance with the Act:

> If 25% or more of an individual's disposable earnings were withheld pursuant to a garnishment for support, and the support garnishment has priority in accordance with State law, the Consumer Credit Protection Act does not permit the withholding of any additional amounts pursuant to an ordinary garnishment which is subject to the restrictions of section [1673(a)].

29 C.F.R. § 870.11(b)(2)(iv).

C. In summary, we conclude that the $130 Johnson assigned for child support is a garnishment within the meaning of 15 U.S.C. section 1672. In calculating Johnson's disposable earnings, the support payments should not be subtracted from Johnson's gross earnings.

Before determining if Johnson had any non-exempt disposable earnings which were subject to garnishment by plaintiff, we also must consider whether Water Works is a public employer.

III. *Garnishment of public employer.* Plaintiff raises two contentions: (1) Water Works is not a public employer, and (2) even if Water Works is a public employer the provisions of section 537.5105(2) of the Iowa Consumer Credit Code do not apply to garnishments of a public employer unless the debt was incurred in a consumer credit transaction. We reject the first of these arguments and agree as to the second.

■ A. We conclude that Water Works is an entity created under state law (Iowa Code ch. 388) and therefore a governmental subdivision within the meaning of section 642.2.[4]

Our conclusion is supported by sections scattered throughout the "City Code of Iowa."[5] Chapter 388, "City Utilities," delineates the procedures a city must follow to establish, run or abolish a city utility. A waterworks, if run by the city, is a city utility. Iowa Code § 362.2(22). By its very functions, a city utility is a public body, Iowa Code § 362.2(10); its board may be party to a legal action and, with few exceptions, may exercise all powers of a city in relation to the utility. Iowa Code § 388.4.

Furthermore, the court of appeals in *Iowa Power and Light Co. v. Board of Water Works Trustees of the City of Des Moines*, 281 N.W.2d 827 (Iowa Ct.App.1979), considered whether the notice requirements of Iowa Code chapter 613A, "Tort Liability of Governmental Subdivision," had been

---

4. Iowa Code § 642.2(1) provides as follows: "The State of Iowa, and all of its governmental subdivisions and agencies may be garnished, only as provided in this section...."

5. Iowa Code section 362.1 states that chapters 362, 364, 368, 372, 376, 380, 384, 388 and 392 may be cited as the "City Code of Iowa."

complied with in a suit against the Water Works. That case was based on the correct assumption that Water Works is a governmental subdivision.

■ B. Since Water Works is a governmental subdivision, garnishment of its employees must be in accordance with section 642.2. Plaintiff questions the following language in subsection 642.2(5): "in no event shall the judgment granted be for any amount in excess of that permitted by section 642.21 [6] and section 537.5105." [7] Plaintiff contends that section 642.21 provides the maximum exemptions unless the debt was incurred in a consumer credit transaction.

■ Statutes should be given a sensible, practical and workable construction, and to such end, the manifest intent of the legislature will prevail over the literal meaning of words. *Janson v. Fulton,* 162 N.W.2d 438, 443 (Iowa 1968). Consequently, it is a familiar rule of construction that the word "and" is sometimes construed as a disjunctive such as "or." *Ness v. H.M. Iltis Lumber Co.,* 256 Iowa 588, 593, 128 N.W.2d 237, 239 (1964). With these rules of statutory construction in mind, we conclude that the trial court erred in applying the more restrictive provisions of section 537.5105 to the present case.

Prior to 1974, garnishment of a public employee's wages was not permitted. Iowa Code § 642.2 (1973) ("A municipal or political corporation shall not be garnished."). We believe that the present section 642.2 was added to bring the garnishment of a public employee's wages in line with the garnishment of wages of private sector employees. As a result, both sections 642.21 and 537.5105(2) apply *when applicable.* Since there is no evidence of a legislative intent to make the garnishment of public employees' wages more restrictive, the greater restrictions of section 537.5105(2) apply only when a consumer credit transaction is involved. This was not a consumer credit transaction, Iowa Code § 537.1201; therefore, the provisions of section 537.-5105(2) do not apply. The provisions of section 642.21 do apply under the facts of this case.

■ C. We conclude, therefore, that Water Works is a public employer. In any one workweek, garnishment of a public employee's wages may not exceed the lesser of twenty-five percent of disposable earnings or the amount by which disposable earnings exceed thirty times the federal minimum wage, which was $3.35 per hour at all times relevant to this case. The maximum which may be garnished in any one calendar year is $250 for each judgment creditor. Iowa Code § 642.21(1). *St. Luke's Medical Center v. Loera,* 319 N.W.2d 254 (Iowa 1982).

IV. *Computation of non-exempt wages.* Finally, we address the problem of computing the amount of non-exempt wages when, as in the case before us, the employer is garnished in the middle of the employee's pay period.

■ When the plaintiff directs the sheriff to take written answers, the answer of a garnishee, who owes the principal defendant wages, shall state the amount of wages

6. Section 642.21 provides in relevant part:

1. The disposable earnings of an individual shall be exempt from garnishment to the extent provided by the federal Consumer Credit Protection Act, Title III [which is quoted in pertinent part in division II–A of this opinion]. The term "Consumer Credit Protection Act" means the Act of Congress approved May 29, 1968, 82 Stat. 163, officially cited as the "Consumer Credit Protection Act, Title III." The maximum amount of an employee's earnings which may be garnished during any one calendar year is two hundred fifty dollars for each judgment creditor, except as provided in section 627.12.

7. Section 537.5105(2) provides in part:

2. In addition to the provisions of section 642.21, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment to enforce payment of a judgment arising from a consumer credit transaction may not exceed the lesser of twenty-five percent of his disposable earnings for that week or the amount by which his disposable earnings for that week exceed *forty times* the federal minimum hourly wage prescribed by the Fair Labor Standards Act of 1938, United States Code, title 29, section 206, subsection "a" paragraph (1), in effect at the time the earnings are payable. (Emphasis added.)

due the employee on the date of service of notice of garnishment. Iowa Code §§ 642.-2(5); 642.21(2)(d). This amount shall include wages for any pay period which has ended, but which had not been paid to the employee on the date of garnishment, and wages earned in the present pay period up to the date of garnishment.

Assuming arguendo that no other garnishments have priority, and that the wages were garnished in the first week of a two-week pay period, the amount of exempt wages is determined by 15 U.S.C. section 1673(a) and the regulations promulgated by the Secretary of Labor.

Key provisions from the Consumer Protection Act and applicable regulations demonstrate that the exemption "allowed by the Act applies to the *disposable earnings* for a 'workweek,' the *period* between regular pay checks as established by the employer—in other words, *the payroll period*." *First National Bank of Denver v. Columbia Credit Corp.,* 499 P.2d 1163, 1166 (Colo. 1972). In Determinations and Interpretations of the Secretary of Labor (29 C.F.R. § 870.10(c) ), the following appears:

> *Pay for a period longer than 1 week.* In the case of disposable earnings which compensate for personal services rendered in a pay period longer than 1 workweek, *the weekly statutory exemption formula must be transformed to a formula applicable to such earnings providing equivalent restrictions on wage garnishment.*

(Emphasis added.) In addition, 15 U.S.C. section 1673(a) provides that "the maximum

part of the *aggregate disposable earnings . . . for any workweek* which is subjected to garnishment may not exceed (1) 25 per centum of his *disposable earnings for that week* or (2) the amount by which his *disposable earnings for that week exceed* thirty times the Federal minimum hourly wage *. . . in effect at the time the earnings are payable,* whichever is less." (Emphasis added.) [8]

We conclude that the amount of the exemption allowed by 15 U.S.C. section 1673(a) (and Iowa Code section 642.21) is that amount which is calculated by using the disposable earnings which are payable for a payroll period—not a calendar week. *First National Bank of Denver,* 499 P.2d at 1167.[9] Thus if an employer's pay period is bi-weekly, the maximum amount of an employee's disposable earnings which may be garnished is the lesser of (1) twenty-five percent of the disposable earnings for that pay period, or (2) the amount by which disposable earnings exceed $2 \times 30 \times$ federal minimum hourly wage, regardless of the point in time within such pay period when the notice of garnishment is served.[10]

V. *Conclusion.* We have considered all of plaintiff's contentions and hold as follows: (1) the answer of Water Works to the garnishment question should have indicated that it was indebted to Johnson for $257.92;[11] the $130 assigned for child support was incorrectly subtracted by Water Works in its answer; (2) although Water Works is a public employer, the more restrictive provisions of section 537.5101(2) are not used in determining the amount

---

**8.** For purposes of this discussion we assume that a consumer credit transaction is not involved. If the debt were the result of a consumer credit transaction the more restrictive multiplier of *forty* times minimum wage would be used. Iowa Code § 537.5105(2).

**9.** For example, in the present case Johnson's disposable earnings for the bi-weekly pay period equalled approximately $345. The computations made to determine exempt wages for the pay period should be made on $345 *not* the amount listed in the answer as the amount owing at the time of garnishment.

**10.** We note, however, that if the wages are garnished, for example, the second day of a

monthly pay period, it may be possible that the amount owed the employee, § 642.21(2)(d), is less than the amount of non-exempt wages for the pay period. 15 U.S.C. § 1673(a). In such a case the lesser amount, the wages actually owed the employee, is the amount which shall be paid the creditor since § 642.21(2)(d) makes the Iowa statute more restrictive than the Consumer Protection Act.

**11.** Because the record is silent, we assume that Water Works did not owe Johnson any unpaid wages for the pay period already ended at the time of garnishment.

subject to garnishment because this was not a consumer credit transaction; (3) Johnson's disposable earnings for the bi-weekly pay period in question, on which the parties seem to agree, were $345; the maximum amount subject to garnishment was $86.25, as the lesser of [25% of $345 = $86.25] or [$345 − (2 × 30 × $3.25) = $134]; (4) the $130 wage assignment for child support is a garnishment within the meaning of the statute; (5) under Iowa law the support garnishment, which was first in time, has priority over plaintiff's garnishment; and therefore, (6) the support garnishment subsumes the entire $86.25—Johnson's non-exempt disposable earnings.

Plaintiff takes nothing from this garnishment. Therefore, we affirm the result reached by the district court.

AFFIRMED.