**Linda VAN MAANEN and Michael L. Van Maanen, d/b/a A–1 Van's Uptown Florist, Appellants,**

v.

**Albert Leon VAN MAANEN and Robert E. Bennett, d/b/a Van's Wooden Shoe Flower Shoppe, Appellees.**

**No. 83–1298.**

Supreme Court of Iowa.

Jan. 16, 1985.

Stanley E. Munger of Kindig, Beebe, Rawlings, Nieland & Killinger, Sioux City, for appellants.

Robert Sikma, Sioux City, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

This controversy spins off from a litigated dispute between two brothers who compete in the florist business.

Plaintiffs in the underlying action are Michael L. Van Maanen and his wife Linda, d/b/a A–1 Van's Uptown Florist in Sioux City. Defendants are Albert Leon Van Maanen and Robert E. Bennett, d/b/a Van's Wooden Shoe Flower Shoppe in Sioux City. Albert Leon (Leon) and Michael are brothers.

In 1977 Leon and his wife Nancy operated a florist business known as A–1 Van's Uptown Florist. November 3, 1977, this

business was sold to Michael and Linda. The contract of sale contained a covenant not to compete (binding "the SELLERS jointly or severally from involvement with any florist operation within 25 air miles") as well as an assignment of the trade name, "A-1 Van's Uptown Florist." The sale price was $100,000 payable $10,000 down, the balance with nine percent interest in monthly installments of $808.76. Although Nancy's signature appears on the contract, she contends the signature was forged or fraudulently procured.

March 19, 1979, the district court entered a decree dissolving the marriage of Leon and Nancy. The property disposition issue was complicated by Michael's involvement in bankruptcy proceedings. Earlier, on August 14, 1978, Nancy had filed a proof of claim against Michael in bankruptcy court. The claim recited that Michael was liable to her under the contract for $100,000 or the return of certain property, and alleged the sale of A-1 Van's Uptown Florist was invalid because of fraud in procuring or forging Nancy's signature. The claim asserted Nancy was the sole owner of the property purportedly conveyed by the 1977 sale, by virtue of a recorded 1972 bill of sale from Leon.

Eventually Michael and Nancy arrived at a settlement of their dispute, the terms of which required Michael to pay Nancy $778.25 each month for twenty years. In the dissolution decree the district court awarded Nancy, as part of the property settlement, "the claim ... in the bankruptcy proceeding involving Michael Lee Van Maanen in Case # B79-4020." The bankruptcy court approved the settlement between Nancy and Michael and ordered Michael to make the first payment on April 1, 1979. Leon did not appear in the dissolution action, nor has he ever contested Nancy's right to receive the proceeds of the 1977 sale contract.

September 1979 Leon opened a new flower shop in Sioux City in direct competition with Michael and Linda. Leon's partner was defendant Robert Bennett.[1] October 31, 1980, Michael (later joined by Linda) sued Leon and Bennett alleging unfair competition, tortious interference with business relations and trade name infringement. At no time was Nancy made a party to this action, and Michael continued to make his monthly payments to her. March 1, 1983, the district court entered a default judgment for Michael and Linda against Leon for $50,440.27.

March 1, 1983, Michael made his regular monthly payment to Nancy. He missed the April 1 and all subsequent payments.

To collect their judgment against Leon, Michael and Linda decided to garnish themselves. March 11, 1983, a general execution was issued to the Woodbury County sheriff. The "dictation to sheriff," signed by the attorney for Michael and Linda, instructed the sheriff to levy upon "payments made pursuant to agreement dated November 3, 1977." Notice of garnishment was served on Linda, Michael, Leon and Nancy. June 18, plaintiffs filed an application to condemn the garnished funds. Nancy filed a motion to quash garnishment on July 27.

Following an August 15 hearing, the district court filed its ruling sustaining Nancy's motion to quash and overruling the application to condemn funds. The court held that since the right to receive payments under the 1977 contract of sale had been transferred to Nancy by the dissolution decree, Michael and Linda were indebted to Nancy, not Leon. Since Michael and Linda owed nothing to Leon, there was nothing for them to garnish as Leon's judgment creditors. The court rejected Michael and Linda's argument that their judgment against Leon constituted a valid defense to Nancy's claim for further payments under the contract. The court reasoned that assertion of that defense would have to await such a claim by Nancy.

---

**1.** Robert Bennett settled his differences with Michael and Linda prior to trial and does not participate in this appeal.

Michael and Linda filed timely notice of appeal. We affirm.

I. This case involves the intersection of two legal concepts: assignment and garnishment.

An assignment is "[a] transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein." *Black's Law Dictionary* 109 (5th ed. 1979). " 'An assignee is either an assignee in fact, that is, one to whom an assignment has been made in fact by the party having the right, or an assignee in law, that is, one in whom the law vests the right, as an executor or administrator, trustee in bankruptcy, guardian, and the like.' " *Michigan Trust Co. v. Chaffee*, 44 F.Supp. 848, 850 (D.N.D. 1942) (quoting 6A C.J.S. *Assignments* § 3 (1975)).

██ Garnishment is a species of attachment. *Hubbard v. Des Moines Independent Community School District*, 323 N.W.2d 238, 241 (Iowa 1982); H. Deemer, *Iowa Pleading and Practice* § 804 (rev. ed. 1927). It is a proceeding whereby a plaintiff-creditor (garnishor) seeks to subject to his or her claim the property or money of a third party (garnishee) owed by such party to defendant-debtor (principal defendant). *Eller v. National Motor Vehicle Co.*, 181 Iowa 679, 683, 165 N.W. 64, 66 (1917). The demand upon the garnishee must be such that the principal defendant could have maintained an action in his or her own right against the garnishee for it. H. Deemer, *Iowa Pleading and Practice* § 805 (rev. ed. 1927). Garnishment is effective only to the extent of the debtor's interest in the property attached. *Briley v. Madrid Improvement Co.*, 255 Iowa 388, 390, 122 N.W.2d 824, 825 (1963).

██ The district court was correct in holding Michael and Linda's "garnishment" of themselves accomplished nothing. The March 1979 dissolution decree clearly provided "[Nancy] is awarded as a property settlement the claim in the bankruptcy proceeding involving Michael." Michael and Linda argue the decree amounted to an assignment of Leon's interest, if any, in the contract to Nancy. Without deciding now whether Leon had an interest that could be assigned or transferred, or whether the decree merely snuffed out any claim by Leon in the florist business and property, we adopt the position of Michael and Linda for purposes of this opinion. "Ordinarily a decree of divorce settles all property rights and interests of the parties." *Walker v. Walker*, 203 N.W.2d 320, 322 (Iowa 1972). No one denies that following the filing of the decree, the parties conducted themselves as though they understood Nancy to be the rightful recipient of the contract proceeds. Leon has never contested Nancy's right to receive the payments. Michael and Linda made monthly payments to Nancy for nearly four years in conformance with the decree. It is clear that after the marital dissolution any debt owing by Michael and Linda as a result of the November 1977 sale was owed to Nancy. Therefore, Michael and Linda's attempt to proceed against themselves as garnishees was doomed to failure because Leon was not their creditor. As the district court succinctly stated, "Because Leon had nothing, Michael and Linda acquired nothing." *See generally Briley v. Madrid Improvement Co.*, 255 Iowa at 391–92, 122 N.W.2d at 826 (where contract vendor of realty assigns its interest to a bank as security, and subsequently becomes judgment debtor to a third party, third party may not, by causing garnishment to levy against vendee, gain an interest in contract superior to that of bank).

II. Michael and Linda insist that *Briley* is inapplicable where the party recovering the judgment against the assignor is the vendee and the assignee is a co-vendor in the breached contract. To hold otherwise, Michael and Linda insist, would allow Leon to avoid his contractual obligations with impunity and Nancy to remain insulated from the consequences of Leon's breach. To justify their self-garnishment, Michael and Linda rely heavily on the rule that an assignee of a claim takes subject to, all defenses, set-offs and counterclaims to which his or her assignor was subject. *See*

*Walters v. Iowa-Des Moines National Bank*, 295 N.W.2d 430, 433 (Iowa 1980).

▇▇▇ Although we agree the *Walters* rule is sound, we do not agree that it has any bearing on this controversy. The rule contemplates a suit by an assignee, to which the obligor counters with a claim or set-off that would have been effective in a suit against him or her by the assignor. 4 A. Corbin, *Corbin on Contracts* § 896 (1951). A set-off is akin to a counterclaim; it is not a defensive pleading but a separate cause of action by the party pleading it. *Jorge Construction Co. v. Weigel Excavating and Grading Co.*, 343 N.W.2d 439, 442 (Iowa 1984). *Walters* establishes that, where an assignee sues an obligor, the obligor may assert any defense, set-off, or counterclaim that he or she could have raised in a suit by the assignor. But we are not presented with a suit in which an obligor asserts a set-off or counterclaim against an assignee. In the underlying suit here, the obligor sued an assignor, recovered a judgment, then looked to the assignee for satisfaction.

Michael and Linda contend there is an insignificant difference between allowing them to assert their judgment against Leon as a set-off to a suit by Nancy and their recourse to self-garnishment. Both approaches will achieve the same end, they argue, and theirs should be preferred because it entails less litigation.

We disagree. Our holding affords Nancy a full and fair opportunity to contest Michael and Linda's claim against Leon, while reserving to Michael and Linda such claim as they may make against Nancy as a set-off. Michael and Linda's self-garnishment approach impermissibly presents Nancy with a fait accompli in the form of a judgment against Leon. We note substantial due process implications in forcing Nancy to pay a judgment arrived at without notice to her, by a proceeding to which she was not a party and in which Leon did not participate. Judicial economy cannot balance the shortcuts of such rough justice.

The judgment of the district court is affirmed.

AFFIRMED.