THUNDERBASIN LAND, LIVESTOCK & INVESTMENT CO.; Lorenz Ranch, Inc., Ferguson Ranch, Inc.; Don Bosman, and Bonham Cattle Co., Appellants (Petitioners),

v.

The COUNTY OF LARAMIE COUNTY, Wyoming The Laramie County Commissioners, Jeff Ketcham, Chairman, in his official capacity, Nick Mirich, Commissioner, in his official capacity; and Fred Emerich, Vice Chairman, in his official capacity, Appellees (Respondents).

No. 99–19.

Supreme Court of Wyoming.

May 2, 2000.

Representing Appellants: Karen Budd–Falen, L. Eric Lundgren and Franklin J. Falen of Budd–Falen Law Offices, P.C., Cheyenne, Wyoming.

Representing Appellees: Peter Froelicher, Laramie County Attorney, Cheyenne, Wyoming; and John C. McKinley of Davis & Cannon, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

The dispositive question in this case is whether a district court must conduct a trial *de novo* in reviewing an award of damages by a board of county commissioners in a road establishment proceeding. Thunderbasin Land, Livestock & Investment Co., Lorenz Ranch, Inc., Ferguson Ranch, Inc., Don Bosman, and Bonham Cattle Co. (collectively Thunderbasin) appeal a decision of the district court that affirmed the award of damages made by the Board of County Commissioners for Laramie County (the Board) for lands taken for the road. Thunderbasin contends that Wyo. Stat. Ann. § 24–3–121 (Lexis 1999) requires those damages to be determined as in a civil action. The Board argues that the Wyoming Administrative Procedure Act (WAPA), Wyo. Stat. Ann. §§ 16–3–101 through 16–3–115 (Lexis 1999), is the controlling law in this instance, and the district court need only review the decision of the Board. We hold that the adoption of the WAPA did not repeal the procedure set forth in the road establishment statutes, and that the district court was required upon appeal to determine the damages to the several Thunderbasin interests as in a civil action. The Order on Petition for Review entered in the district court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

This statement of the issues is found in the Appellant's Opening Brief:

A. Whether Board of County Commissioners' decision to reduce a just compensation appraisal by ninety percent with no supporting evidence was arbitrary and capricious.

B. Whether the district court denied appellants' constitutional rights to due process of law and just compensation by denying them a *de novo* trial before an impartial tribunal.

This Statement of the Issues on Appeal is found in the Brief of Appellees:

1. Is the Laramie County Board of County Commissioners' decision awarding compensation for the road establishment supported by substantial evidence and not arbitrary and capricious?

2. Does the Wyoming Administrative Procedures Act ("Wyoming APA") and W.R.A.P. provide the exclusive methodology for appealing the Laramie County Board of County Commissioners' decision awarding damages?

3. Is the Laramie County Board of County Commissioners' decision establishing Road 101 as a county road supported by substantial evidence and not arbitrary and capricious?

Thunderbasin owned property located between Happy Jack Road (Happy Jack) and

the North Crow Reservoir, west of Cheyenne in Laramie County. For nearly forty years, the public gained access to the reservoir by traveling over a road four miles long (now County Road 101) that traversed Thunderbasin's property. Since 1978, Laramie County has maintained the road by grading it, draining it, and providing an all weather surface, but the Board did not designate the road as, or declare it to be, a public road. In 1993, Thunderbasin closed the road to public access, claiming that previously the public had trespassed on their property in traveling to and from the reservoir.

At the same time, Thunderbasin conveyed a perpetual utility easement to the Cheyenne Board of Public Utilities (the BOPU) to provide access to monitor, maintain, and repair the North Crow Reservoir Dam. The North Crow Reservoir Dam was one feature of the BOPU's multi-million dollar rehabilitation project of the North Crow Reservoir. The BOPU paid $640 per acre for the easement, and it was prohibited, by a restriction in the easement, from permitting public use of this easement.

As a result of the closure by Thunderbasin, the public users of the road were denied access to the reservoir, and, on March 28, 1994, some members of the public filed a petition for road establishment, pursuant to Wyo. Stat. Ann. § 24–3–101(b) (Michie Repl. 1993),[1] which they presented to the Board on April 5, 1994. In response to this petition, Thunderbasin filed objections to establishing County Road 101; filed a claim for damages; and requested a hearing. The Board then followed the procedure set forth in the statutes for establishing public roads, Wyo. Stat. Ann. §§ 24–3–103 through 24–3–118 (Lexis 1999). The Laramie County Engineer was designated to be the viewer pursuant to Wyo. Stat. Ann. § 24–3–103. The County Engineer proceeded, in accordance with the appli-

cable statutes (Wyo. Stat. Ann. §§ 24–3–104 through 24–3–106), and submitted a report to the Board on May 10, 1994. In that report, the County Engineer offered his explanation of the method for arriving at damages stating that "actual estimated damages * * * should be computed based only on the market value of the property used to contain the road."

The Board also appointed a committee, including representatives from Thunderbasin and the BOPU, the County Engineer, the United States Forest Service, a state representative from Albany County, two members of the petitioner's group, and others to address and resolve issues surrounding the road. Although the committee did not unanimously agree on the location of the road, the Board established County Road 101 as a public road. Both the BOPU and Thunderbasin filed damage claims, pursuant to Wyo. Stat. Ann. § 24–3–111. Thunderbasin sent a "Notice of Objection" dated August 15, 1994, to the Board objecting to the establishment of the road, making a claim for damages, and requesting a contested case hearing before the Board.

As provided in Wyo. Stat. Ann. § 24–3–114, the Board appointed appraisers in November of 1994 to determine Thunderbasin's damages. The appraisers submitted their report to the County Clerk, in accordance with Wyo. Stat. Ann. § 24–3–116, in which they found that, on November 10, 1994, the market value of the lands taken for the road was the same as the market value of the surrounding lands, $1,000.00 per acre. Ultimately, the total damage reported by the appraisers for the approximate twenty acres affected was $67,299.00. In accordance with Wyo. Stat. Ann. § 24–3–118, the report of the appraisers was considered by the Board at a contested case hearing, which began on

---

1. Wyo.Stat.Ann. § 24-3-101(b) provides:

(b)(i)Any person desiring the establishment, vacation or alteration of a county highway shall file in the office of the county clerk of the proper county, a petition signed by five (5) or more electors of the county residing within twenty-five (25) miles of the road proposed o be established, altered, or vacated, in substance as follows: To the Board of County Commissioners, of .... County. The under-

signed ask that a county highway, commencing at .... and running thence .... and terminating at .... be established (altered or vacated as the case may be).

(ii) With said petition shall be filed a list containing the names and also the known post office address of each person owning or having an interest in any land over which the proposed establishment, vacation or alteration of a county highway is to be made.

February 7, 1995. In the course of the hearing, which continued on three separated days, the Board received evidence relating to the establishment of the road and the damages to the several owners. The damages the Board ultimately awarded, however, were significantly reduced from the amounts claimed, in part because the BOPU taking was of an easement rather than a fee simple interest.

In March of 1995, the Board decided to adopt a moratorium regarding the road establishment decision, and it appointed another committee to complete the management study. The following February, the Board conducted a second contested case hearing, and, at the end of that hearing, the decision to establish the road was postponed for another month. In March of 1996, the Board entered an order establishing County Road 101, and at that time the assessment of damages was reduced to a combined total of $5,363.63. Rather than using the appraisers' estimate, the Board followed the County Engineer's advice to assess the damages by computing the market value of the area occupied by the road as established.

Thunderbasin rejected the assessed damages, and a judicial review from the final Commissioners' Order Establishing Road 101 and Diminishing Damages was pursued in the district court. In a decision letter, dated January 27, 1997, the district court initially affirmed the establishment of County Road 101, finding that it was established in substantial compliance with the statutes and that Thunderbasin had been afforded its procedural rights. In accordance with Wyo. Stat. Ann. § 24–3–121, the district court determined Thunderbasin was entitled to a trial *de novo* to determine its damages using a "before and after valuation" standard. Moreover, the district court concluded that the WAPA did not repeal by implication either Wyo. Stat. Ann. § 24–3–119 or § 24–3–121 (Lexis 1999). In that decision letter, the district court invited the parties to brief the issue of the right of Thunderbasin to a trial *de novo* on the damages.

Laramie County did not take advantage of that invitation until August 14, 1998. Following a change of personnel in the office of

county attorney, Laramie County moved to vacate the trial *de novo* set by the district court in its January 27, 1997, letter. On October 12, 1998, the district court issued a second decision letter reversing its earlier ruling that Thunderbasin was entitled to a trial *de novo* ·on damages. Although the decision letter addressed several issues, the essential purpose was to determine that the WAPA and the Wyoming Rules of Appellate Procedure (W.R.A.P.) superseded Wyo. Stat. Ann. §§ 24–3–119 through 24–3–121 (Lexis 1999). The district court concluded that W.R.A.P. 12.01 through 12.12 provided the exclusive means of seeking judicial review of final administrative action, and held that the statutory provisions were superseded. Consequently, the district court ruled that Thunderbasin was not entitled to a new determination of damages, and the district court vacated the trial *de novo* it originally granted in its January 27, 1997 decision letter. The district court then proceeded to review Thunderbasin's claim pursuant to the procedures specified in the W.R.A.P. under the standards provided in the WAPA. It ruled that the Board's decision to establish County Road 101 and the reduced damage award were supported by substantial evidence and in accord with the law. Thunderbasin appealed that decision to this Court.

The point of convergence of the diverse views in this road establishment case is whether the trial *de novo* procedure for damages, found in Wyo. Stat. Ann. § 24–3–121, must yield to the judicial review provisions of the WAPA and the W.R.A.P. This focused issue is emphasized by the two conflicting decision letters issued by the district court. The road establishment statutes address the appeal to the district court in three sections, Wyo. Stat. Ann. §§ 24–3–119, 24–3–120 and 24–3–121:

### § 24–3–119. Appeals from decisions of county commissioners; notice; bond required.

Any applicant for damages claimed, or caused by the establishment or alteration of any road, may appeal from the final decision of the board of the county commissioners to the district court of the county, in which the land lies, for the taking of

which for a public road, damages are asked; but notice of such appeal must be made to the county clerk, within thirty (30) days after such decision has been made by the said board, or such claim shall be deemed to have been abandoned. No appeal shall be allowed, unless a good and sufficient bond be given by the party appealing, in a sum not less than fifty dollars ($50.00) to cover costs, said bond to be approved by the clerk of the district court.

**§ 24–3–120. Appeals from decisions of county commissioners; duties of county clerk.**

The county clerk shall, within ten (10) days after the notice of an appeal as provided for in W.S. 24–3–119 is filed in his office, make out and file in the office of the clerk of the district court, in his county, a transcript of the papers on file in his office, and the proceedings of the board in relation to such damages.

**§ 24–3–121. Appeals from decisions of county commissioners; recovery of damages; court costs.**

*The amount of damages to which the claimant shall be entitled on such appeal shall be ascertained in the same manner as in a civil action,* and the amount so ascertained, if any, shall be entered of record, but no judgment shall be entered therefor. The amount thus ascertained shall be certified by the clerk of the court to the county clerk who shall thereafter proceed as if such amount had been allowed by the board of the county commissioners to the claimant as damages. If the appellant shall fail to recover an amount exceeding fifty dollars ($50.00) above the amount allowed to him by the board of the county commissioners, he shall pay all costs of the appeal.

(Emphasis added.) These statutes use the mandatory verb form of "shall." Perhaps even more importantly, Wyo. Stat. Ann. § 24–3–119 provides for an appeal for damages rather than a review.

The judicial review statute included in the WAPA, Wyo. Stat. Ann. § 16–3–114, reads in pertinent part:

(a) Subject to the requirement that administrative remedies be exhausted *and in the absence of any statutory or common-law provision precluding or limiting judicial review,* any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court for the county in which the administrative action or inaction was taken, or in which any real property affected by the administrative action or inaction is located, or if no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in the proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.

(b) The supreme court's authority to adopt rules governing review from agencies to the district courts shall include authority to determine the content of the record upon review, the pleadings to be filed, the time and manner for filing the pleadings, records and other documents and the extent to which supplemental testimony and evidence may be taken or considered by the district court. The rules adopted by the supreme court under this provision may supersede existing statutory provisions.

(Emphasis added.) Similarly, W.R.A.P. 12.01 is phrased in a permissive rather than mandatory tone:

To the extent judicial review of administrative action by a district court is available, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or who is aggrieved or adversely affected in fact by any other agency action or inaction, or who is adversely affected in fact by a rule adopted by that agency, may obtain such review as provided in this rule. All appeals from administrative agencies shall be governed by these rules.

Both the WAPA provision and the court rule acknowledge that there may be a specific statutory provision limiting review.

■ This case could have been resolved rather readily by reversing the Board for failure to invoke the proper rule for arriving at damages in a road condemnation case. In determining damages, the Board clearly relied on the advice of the County Engineer to assess the damages by computing the market value of the area occupied by the road as established. That approach eschewed the existing law in this regard. *L.U. Sheep Co. v. Board of County Com'rs of County of Hot Springs*, 790 P.2d 663, 669–72 (Wyo.1990). Subsequently, in amending the Wyoming Eminent Domain Act, the legislature adopted specific rules for determining damages for the taking of property. Wyo. Stat. Ann. §§ 1–26–701 through 1–26–710 (Lexis 1999). Remanding the case for the purpose of requiring the Board to apply the proper law for determining damages, however, would have begged the question. The district court initially recognized the right of Thunderbasin to have its damages determined as in a civil action, but later ruled that the damages were subject only to judicial review under the WAPA. We are satisfied that the district court proceeded as it did in order to have the law settled on this point.

The clear and unambiguous language of Wyo. Stat. Ann. § 24–3–121 provides "[t]he amount of damages to which the claimant shall be entitled on such appeal shall be ascertained in the same manner as in a civil action * * *." Thunderbasin claims that under this language, they are entitled to a *de novo* trial before the district court to determine the proper damages they are entitled to receive. In contrast, the Board argues that since it is an agency, the WAPA controls and provides the exclusive means for review of an agency action. Under Wyo. Stat. Ann. § 16–3–114(c)(ii)(A) and (C), the relevant statutory provisions in this case, district courts review agency decisions and:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

The Board claims the establishment of County Road 101 was supported by substantial evidence, and in all respects comported with the statutory factors material to review in the district court.

An issue of statutory interpretation presents a question of law. *Butts v. Wyoming State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo.1996); *Parker Land & Cattle Co. v. Wyo. Game and Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993). In interpreting statutes, we primarily determine the legislature's intent. *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo.1983). If the language is sufficiently clear, we do not resort to rules of construction. *Id.* We apply our general rule that we look to the ordinary and obvious meaning of a statute when the language is unambiguous. *Parker Land*, 845 P.2d at 1042.

*Kirbens v. Wyoming State Bd. of Medicine*, 992 P.2d 1056, 1060 (Wyo.1999).

In interpreting statutes, our primary consideration is to determine the legislature's intent. *State ex rel. Motor Vehicle Div. v. Holtz*, 674 P.2d 732, 736 (Wyo. 1983). All statutes must be construed in pari materia; and in ascertaining the meaning of a given law, all statutes relating to the same subject or hav[ing] the same general purpose must be considered and construed in harmony. *Id.* at 735. *Holtz* explained our statutory construction rules:

"If the language is sufficiently clear, there is no need to resort to rules of

construction. When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent."

*Holtz*, 674 P.2d at 736.

*Peterson v. Wyoming Game and Fish Com'n*, 989 P.2d 113, 118 (Wyo.1999).

When the legislature adopts a statute it is presumed to have done so with full knowledge of the existing state of law with reference to the subject matter of the statute. *Brittain v. Booth*, Wyo., 601 P.2d 532 (1979); *White v. Board of Land Commissioners*, Wyo., 595 P.2d 76 (1979); and *Matter of Adoption of Voss* [Wyo., 550 P.2d 481 (1976)], supra. In this latter case we said:

> " * * * All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of law with reference thereto and statutes are therefore to be construed in harmony with the existing law, and as part of an overall and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and constitution, but also with reference to the decisions of the courts. * * * " 550 P.2d at 486.

*Wetering v. Eisele*, 682 P.2d 1055, 1061 (Wyo. 1984).

**2.** Those rules state, in pertinent part:

**Rule 1. Scope and purpose of rules.**

These rules govern procedure in all courts of record in the State of Wyoming, in all actions, suits or proceedings of a civil nature and in all special statutory proceedings except as provided in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

**Rule 2. One form of action.**

There shall be one form of action to be known as "civil action".

**3.** W.R.C.P. 71.1 provides, in pertinent part:

**Rule 71.1 Condemnation of property.**

 * * *

In honoring the foregoing principles of law, we are constrained to look at the broad area of eminent domain proceedings in Wyoming because we are satisfied that the road establishment statutes are simply a method of exercising the power of eminent domain. We held in *L.U. Sheep Co.*, 790 P.2d at 674–75, that the Board could proceed under either the Wyoming Eminent Domain Act, Wyo. Stat. Ann. §§ 1–26–501 through 1–26–817 (Lexis 1999), or under the road establishment statutes. Applying that decision, the district court was correct in ruling that the Board followed the proper procedure to establish County Road 101. We hold that the road was established according to law.

The critical issue we must address is whether Thunderbasin was entitled to a trial *de novo* on the issue of damages under Wyo. Stat. Ann. § 24–3–121. The statute specifies that "damages * * * shall be ascertained in the same manner as in a civil action * * *." Wyo. Stat. Ann. § 24–3–121. The reference to a civil action invokes the Wyoming Rules of Civil Procedure,[2] which apply in condemnation cases generally. Wyo. Stat. Ann. § 1–26–501 (Lexis 1999). The rules provide, consistently with Wyo. Stat. Ann. § 24–3–121, that "issues of fact arising in actions for the recovery of money only * * * shall be tried by a jury unless a jury trial be waived, or a reference be ordered." W.R.C.P. 38(a). The rules pertaining to condemnation are set forth in W.R.C.P. 71.1. This rule articulates the procedure for a special civil action relating to condemnation of property, and W.R.C.P. 71.1(j) provides for a jury trial.[3] Although the parties in the case

(j) *Formal trial; jury trial.*—If a judgment has been entered on the basis of informal proceedings, any party may file, within 30 days after such entry of judgment, a written demand for a formal trial to the court or for a jury trial, whereupon the action shall proceed as though no informal proceedings had occurred. If an assessment has been made by appraisers, any party not satisfied with the award may file, within 30 days after the certificate of assessment has been filed, a written demand for a trial by jury on the issue of just compensation, whereupon the action shall proceed to a jury trial on that issue.

(1) Demand.—The demand, whether for a formal trial to the court or for a jury trial, shall

before us did not request a jury trial, W.R.C.P. 39(b) affords to the court discretion to order a jury trial. There is no ambiguity in the road establishment statute nor the rule, and the language is clear and unequivocal. Thunderbasin was entitled to a trial *de novo* on the issue of damages upon review in the district court, and a jury trial if requested.

 The district court apparently accepted the Board's argument that the enactment of the WAPA repealed by implication Wyo. Stat. Ann. § 24–3–121 of the road establishment statutes. Under the circumstances, a refutation of the Board's contentions is appropriate. Recently, in *Emulsified Asphalt, Inc. of Wyoming v. Transportation Com'n of Wyoming*, 970 P.2d 858, 863 (Wyo.1998), we revisited the doctrine of statutory repeal by implication. In a limited number of cases, we have held that the legislature repealed a statute by implication,[4] but "our longstanding rule that repeals by implication are not favored and will not be indulged if there is any other reasonable construction" continues to be the law. *Emulsified Asphalt, Inc. of Wyoming*, 970 P.2d at 863. "The party asserting implied repeal bears the burden of demonstrating beyond question that the legislature intended that its later legislative action evinced an unequivocal purpose of effecting a repeal." *Id. (citing Nehring v. Russell*, 582 P.2d 67, 73 (Wyo.1978)). "It must be shown that the later statute is so repugnant to the earlier one that the two cannot logically stand together, or that the whole subject of the earlier statute is covered by the later one having the same object, clearly intending to prescribe the only rules applicable to the subject."*Emulsified Asphalt, Inc. of Wyoming*, 970 P.2d at 863. *See also Town of Pine Bluffs v. State Bd. Of*

*Equalization*, 79 Wyo. 262, 283–84, 333 P.2d 700, 709 (1958).

The Board bases its argument on Section 17 of the original WAPA legislation, Wyo. Sess. Laws ch. 108 (1965), which states that "[a]ll acts or parts of acts which are inconsistent with the provisions of this Act are hereby repealed * * *." The Board then cites *City of Evanston v. Whirl Inn, Inc.*, 647 P.2d 1378, 1384 (Wyo.1982), in which we said "[w]ith the adoption of the Wyoming Administrative Procedure Act (WAPA) in 1965, the trial de novo provisions were replaced and all judicial review of an administrative agency's action was required to be conducted in accord with what is now [Wyo. Stat. Ann § 16–3–114(c) ]." This is an accurate reading of the general rule, because prior to the adoption of the WAPA, judicial review was accomplished by a trial *de novo*. The statute upon which the Board relies also stated, "[p]rovided, however, to the extent not inconsistent herewith existing procedures provided by statute shall be deemed preserved and the procedures provided for by this Act shall be in addition and supplementary thereto." Wyo. Sess. Laws ch. 108 (1965).

The Board has not demonstrated in this instance that the WAPA "is so repugnant to the [road establishment statute] that the two cannot logically stand together, or that the whole subject of the earlier statute is covered by the later one having the same object, clearly intending to prescribe the only rules applicable to the subject." *Emulsified Asphalt, Inc. of Wyoming*, 970 P.2d at 863. The contentions of the Board fall far short of carrying its "burden of demonstrating beyond question that the legislature intended that its later legislative action evinced an unequivocal purpose of effecting a repeal." *Id.* Instead, as we have explained, there is a

---

be filed with the clerk and served upon the other parties in accordance with Rule 5(b).

(2) Procedure.—The formal trial or trial by jury shall be conducted in the same manner as other civil actions.

(3) Decision; verdict.—If the action is tried without jury, the court shall determine the compensation to be made to the defendant or defendants, and shall render its decision in writing, and enter its judgment accordingly. If the action is tried with jury, the jury shall determine these matters, and shall render its

verdict in writing, signed by the foreman, and the verdict shall be entered in the record.

4. *See Longacre v. State*, 448 P.2d 832, 834 (Wyo. 1968), where we held that when the two statutes were read together they were so repugnant to each other that we held it was the manifest legislative intent that the general statute have universal application and repeal by implication the earlier specific statute.

rather comprehensive scheme for exercising the power of eminent domain, of which the establishment of a county road is only one part, and that scheme almost universally incorporates a right to a jury trial to determine the damages to the landowner. The limited reach of the WAPA into this comprehensive scheme is quite contrary to the burden assigned to the Board.

Indeed, other rules of statutory construction provide useful criteria to aid us in our fundamental effort to determine legislative intent. We have held a specific statute controls over a general statute on the same subject. *Rock Springs Ford Nissan v. State Bd. of Equalization, Wyoming Dept. of Revenue*, 890 P.2d 1100, 1103 (Wyo.1995) (*citing L.U. Sheep Co.*, 790 P.2d at 674). A specific provision in a statute controls over an inconsistent general provision pertaining to the same subject. The WAPA limits the court's review of an agency decision to whether an agency decision is "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]" Wyo. Stat. Ann. § 16–3–114(c)(ii)(A). It addresses in a general way the review of damages for land taken for a county road, but Wyo. Stat. Ann. § 24–3–121 provides a specific procedure to ascertain damages. The latter statute is limited exclusively to a determination of damages in connection with condemnation for a road, while the WAPA provision addresses all types of agency decisions. Although the Board is correct in its assertion that the WAPA was enacted subsequent to the county road statute and repeals all acts or parts of acts which are inconsistent with it, that does not control the application of other rules of statutory construction. The WAPA imposes basic procedural due process standards upon administrative activities and provides a mechanism for agencies to adopt procedural rules, which guide agency decision making in a predictable manner. *First Nat. Bank of Thermopolis v. Bonham*, 559 P.2d 42, 47 (Wyo.1977). The specific statute controls over the general when they address the same subject. As indicated by its title, the WAPA is procedural and not substantive in nature, it does not serve to repeal by implication the more specific statute. *Sage Club, Inc. v. Employment Sec. Commission of Wyoming*, 601 P.2d

1306, 1308–09 (Wyo.1979). These principles are particularly applicable in an area of the law that implicates constitutional protection of property rights, and the constitutional right to a jury trial.

The district court failed to provide Thunderbasin with its statutorily guaranteed *de novo* trial to determine damages for the twenty acres at issue. Although the WAPA provides that courts must review an agency decision to determine whether the decision was arbitrary, capricious, and an abuse of discretion or otherwise not in accordance with the law, a statute that specifies the procedure in an appeal of an agency's damages determination controls. The road establishment statute requires that Thunderbasin's damages be determined in the same manner as in a civil action, which includes the right to a jury trial. The district court failed to follow the proper procedure prescribed by statute.

We reverse the district court's decision, and remand this case for further proceedings to properly afford Thunderbasin an opportunity to have its damages determined as in a civil action.