UNION PACIFIC RAILROAD,
Appellant (Garnishee),

v.

TRONA VALLEY FEDERAL CREDIT
UNION, Appellee (Judgment
Creditor).

No. 01–263.

Supreme Court of Wyoming.

Nov. 4, 2002.

Stan Decker Cannon of Greenhalgh, Beckwith, Lemich & Stith, Rock Springs, Representing Appellant.

Stephen K. Palmer of Palmer & LaBuda, P.C., Rock Springs, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1] Union Pacific Railroad (Union Pacific) appeals a district court judgment that it improperly calculated the amount to be withheld from an employee's paycheck to satisfy a judgment debt by failing to deduct a child support garnishment when determining disposable earnings. Union Pacific contends that deducting the child support garnishment would result in a violation of the Consumer Protection Act, 15 U.S.C.A. §§ 1671 through 1677, and Wyoming law. We agree and reverse.

## ISSUES

[¶ 2] Union Pacific sets forth the following statement of the issues:

1. Whether a person who is garnished for both child support and a consumer judgment debt may have more than twenty-five (25%) percent of his or her disposable income garnished from his or her wages.

2. Whether the district court erred by making its ruling based upon what it believed was an official form, "Garnishee's Answer to Writ of Continuing Garnishment" sanctioned and approved by the Supreme Court, when it was not.

The judgment creditor, Trona Valley Federal Credit Union (Trona Valley FCU), sets forth the matter under review as a single issue:

Whether court ordered child support payments properly qualify as an item "that is required by law to be withheld" in calculating disposable earnings pursuant to W.S. § 1-15-501.

After filing its brief in this appeal, Trona Valley FCU raised the question of Union Pacific's standing in a motion to dismiss. We

* Chief Justice at time of oral argument.

will consider this issue in our discussion below.

## FACTS

[¶ 3] The dispute in this case centers on the proper treatment of child support garnishment payments when calculating the amount to be withheld from an employee to satisfy a judgment debt. When presented with a request for a garnishment, an employer fills out a form entitled, "Garnishee's Answer to Writ of Continuing Garnishment." The form is a standardized document that resides in a database managed by this Court. A committee of county judges (now circuit judges) developed the form, and this Court facilitated its placement in the database, which is available to the circuit courts for use in an electronic format. The form contains a section that allows the garnishee to calculate the disposable earnings of an employee from which the amount of garnishment to be withheld can be determined. To calculate disposable earnings, an employee's gross earnings are reduced by certain exemptions. On the form the following exemptions are listed: (1) federal income tax withheld; (2) FICA taxes withheld (or in this case railroad taxes because Union Pacific is the employer); (3) mandatory retirement exempted by federal law; (4) disability contributions exempted by federal law; (5) other amounts exempted by federal law; (6) court ordered child support payments withheld; and (7) other amounts withheld. The total of these exemptions are deducted from the employee's gross earnings to arrive at his disposable earnings. The form sets forth a chart for determining how much of the employee's disposable income should be withheld each pay period to satisfy the garnishment. The chart indicates the maximum amount that may be withheld from an employee. When the employee's disposable earnings exceed a certain minimum level, then a maximum of 25% of his disposable earnings may be withheld.

[¶ 4] In this case, Trona Valley FCU obtained a judgment against a Union Pacific employee for $8,919.06. In May 2000, Trona Valley FCU filed a Request for Writ of Continuing Garnishment. Union Pacific responded by filing the Garnishee's Answer to Writ of Continuing Garnishment form. The

employee already had a child support garnishment against him. In filling out the form, however, Union Pacific specifically omitted the child support garnishment when calculating exemptions. Union Pacific's rationale was that including the child support garnishment with the exemptions would result in the total amount being withheld from the employee's paycheck, exceeding the 25% maximum set forth in the form which was based on federal and Wyoming law. Instead, Union Pacific calculated what 25% of the employee's disposable earnings would be and then subtracted the child support garnishment leaving the remainder as the amount garnished to go towards satisfying Trona Valley FCU's judgment.

[¶ 5] Trona Valley FCU objected to Union Pacific's methodology. The district court held a hearing and agreed with Trona Valley. Specifically, the court concluded that any child support garnishments should be deducted from gross earnings because a deduction from disposable earnings could result in a judgment creditor being unable to recover if the child support garnishment exceeded 25% of the debtor's disposable earnings.[1] Union Pacific now brings this appeal.

## STANDARD OF REVIEW

█ [¶ 6] When a matter has been the subject of a bench trial before the district court, we review the factual determinations under a clearly erroneous standard and the legal conclusions *de novo*. *Kenyon v. Abel*, 2001 WY 135, ¶ 6, 36 P.3d 1161, ¶ 6 (Wyo. 2001) (quoting *Rennard v. Vollmar*, 977 P.2d 1277, 1279 (Wyo.1999)).

█ [¶ 7] The issues raised in this appeal require application of rules relating to statutory interpretation, which is a question of law that is reviewed by this Court *de novo*.

As we have noted: "In interpreting statutes, we primarily determine the legislature's intent. If the language is sufficiently clear, we do not resort to rules of construction. We apply our general rule that we look to the ordinary and obvious meaning of a statute when the language is unambiguous." *Kirbens v. Wyoming*

---

1. As we shall see, child support garnishments are exempted from the general 25% limit.

*State Board of Medicine,* 992 P.2d 1056, 1060 (Wyo.1999) (citations omitted). We construe together all parts of the statutes in pari materia, and, in ascertaining the meaning of a given law, we consider and construe in harmony all statutes relating to the same subject or having the same general purpose. *Thunderbasin Land, Livestock & Investment Co. v. County of Laramie County,* 5 P.3d 774, 779 (Wyo. 2000).

> When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent.

*State ex rel. Motor Vehicle Division v. Holtz,* 674 P.2d 732, 736 (Wyo.1983). When the legislature adopts a statute, we presume it does so with full knowledge of the existing state of the law with reference to the statute's subject matter. *Thunderbasin Land, Livestock & Investment Co.,* 5 P.3d at 780.

> All statutes are presumed to be enacted by the legislature with full knowledge of the existing state of law with reference thereto and statutes are therefore to be construed in harmony with the existing law, and as a part of an overall and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to the decisions of the courts.

*Voss v. Ralston,* 550 P.2d 481, 486 (Wyo. 1976); *see also Fosler v. Collins,* 13 P.3d 686, 689 (Wyo.2000).

*Albertson's, Inc. v. City of Sheridan,* 2001 WY 98, ¶ 7, 33 P.3d 161, ¶ 7 (Wyo.2001).

## DISCUSSION

[¶ 8] We begin our review with the question of standing. Trona Valley filed a Motion to Dismiss in this case raising Union Pacific's standing to maintain this action for the first time in these proceedings.

Standing "is a jurisprudential rule of jurisdictional magnitude." *Robinson v. Hamblin,* 914 P.2d 152, 154 (Wyo.1996) (quoting *Schulthess v. Carollo,* 832 P.2d 552, 556–57 (Wyo. 1992)).

> At its most elementary level, the standing doctrine holds that a decision-making body should refrain from considering issues in which the litigants have little or no interest in vigorously advocating. * * * A litigant is said to have standing when he has a "personal stake in the outcome of the controversy." This personal stake requirement has been described in Wyoming as a "tangible interest" at stake.

*Id.* Trona Valley FCU contends that Union Pacific has no interest or stake in its employee's loss of income and has no injury that could be remedied by this Court. Initially, Union Pacific complains about the timeliness of Trona Valley's motion to dismiss: The question of standing was not an issue before the trial court, nor was it raised in the parties' appellate briefs. On the merits of the issue, Union Pacific insists that it has standing because, as garnishee, it is accountable to the court issuing the garnishment order and, under certain circumstances, may be held liable for its reply to the writ of garnishment.

[¶ 9] Historically, we have addressed the question of when standing may be raised in only a handful of cases. Generally, we have stated that since standing "goes to the existence of a claim for relief and is jurisdictional in nature, it can be raised at any point in the procedure." *Matter of Various Water Rights in Lake DeSmet Reservoir,* 623 P.2d 764, 767 (Wyo.1981) (citing *Parker v. Bowron,* 40 Cal.2d 344, 254 P.2d 6 (1953)); *see also Mekss v. Wyoming Girls' School,* 813 P.2d 185, 205 (Wyo.1991), *cert. denied,* 502 U.S. 1032, 112 S.Ct. 872, 116 L.Ed.2d 777 (1992). On at least one occasion, however, we have refused to address the issue of standing because of the plaintiff's failure to raise it in the district court. *Robinson v. Hamblin,* 914 P.2d 152, 154 (Wyo.1996). In this case, it is readily apparent that Union Pacific possesses standing, so we will not address the timeliness (or lack thereof) of Trona Valley's motion.

[¶ 10] As noted, standing exists when a party has "a personal stake or tangible interest in the outcome of the controversy." The Wyoming statutory scheme specifically contemplates the participation of the garnishee in the legal process. *See* Wyo. Stat. Ann. §§ 1–15–401 through –425 (garnishment) and 1–15–501 through –511 (continuing garnishment) (LexisNexis 2001). The garnishee is legally bound to hold for the benefit of the creditor all property and money due to the debtor. §§ 1–15–425 and –507. Under certain circumstances, the garnishee may become legally liable to the creditor. §§ 1–15–412 and –413. The imposition of legal duties upon the garnishee and the potential liability attached thereto is sufficient to confer standing on Union Pacific.

[¶ 11] The federal government has imposed restrictions on garnishments:

(a) **Maximum allowable garnishment**

Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,

whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

(b) **Exceptions**

(1) The restrictions of subsection (a) of this section do not apply to the case of

(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substan-

tial due process, and which is subject to judicial review.

(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of Title 11.

(C) any debt due for any State or Federal tax.

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed -

(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

(c) **Execution or enforcement of garnishment order or process prohibited**

No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section.

15 U.S.C.A. § 1673 (1998). For our purposes here, the relevant portions of § 1673 are those that generally limit garnishments to 25% of the debtor's disposable earnings and the exception to that limit for child support payments, which may exceed the general lim-

it up to 50% or 65% of disposable earnings depending on the circumstances. The term "disposable earnings" is defined as "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C.A. § 1672(b) (1998).

[¶ 12] The Wyoming statutes covering garnishments parallel the federal ones. "Disposable earnings" are defined as "that part of an individual's earnings remaining after the deduction of all amounts required by law to be withheld." Wyo. Stat. Ann. §§ 1–15–102(v) and –501(iii) (LexisNexis 2001). Similarly, the limitations on the amount of a debtor's disposable earnings subject to garnishment are codified in Wyoming law. Wyo. Stat. Ann. §§ 1–15–408(b); 1–15–511(a).

(a) The maximum portion of the aggregate disposable earnings of a judgment debtor which are subject to continuing garnishment under this article is the lesser of:

(i) Twenty-five percent (25%) of the judgment debtor's disposable earnings for that week; or

(ii) The amount by which the judgment debtor's aggregate disposable earnings computed for that week exceeds thirty (30) times the federal minimum hourly wage prescribed by the Fair Labor Standards Act of 1938, 29 U.S.C. 206(a)(1), in effect at the time the earnings are payable, or, in case of earnings for any pay period other than a week, any equivalent multiple thereof prescribed by the administrator of the Wyoming Uniform Consumer Credit Code in the manner provided by W.S. 40–14–505(b)(iii).

Wyo. Stat. Ann. § 1–15–511(a). The maximum amount of earnings that may be withheld to satisfy a child support judgment is established in Wyoming law by reference to the limits established. 15 U.S.C.A. § 1673; Wyo. Stat. Ann. § 20–6–210(b)(iii)(B) (LexisNexis 2001). It is important to note that under Wyoming law an order withholding income for child support has priority over any other garnishment. *See* Wyo. Stat. Ann. §§ 1–15–408; 1–15–504; and 20–6–210(b)(v).

[¶ 13] The basic question presented here relates to the relationship between competing garnishments, one of which is for child support and the other is not. The form promulgated by this Court treated child support garnishments as an exemption that was to be deducted from an individual's gross earnings in the process of calculating disposable earnings. Trona Valley FCU argues on appeal that the form is correct because child support garnishments are an amount "required by law to be withheld" since district courts must impose a garnishment when an arrearage has been established. We disagree.

[¶ 14] There is no question that withholding child support payments from an individual's wages constitutes a garnishment. 15 U.S.C.A. § 1672(c) (1998) ("The term 'garnishment' means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt."); *Koethe v. Johnson,* 328 N.W.2d 293, 297 (Iowa 1982) (quoting *Marshall v. District Court for Forty–First–b Judicial District of Michigan,* 444 F.Supp. 1110, 1116 (E.D.Mich.1978)); *Donovan v. Hamilton County Municipal Court,* 580 F.Supp. 554, 556 (S.D.Ohio 1984). The statutes limit a garnishment to 25% of an individual's disposable earnings with an exception for garnishments for the support of another person which may take up to 50% to 65% of the disposable earnings. If child support withheld pursuant to a court order was treated as an amount "required by law to be withheld," the result would be contrary to the clear, unambiguous language of the federal and Wyoming statutes—up to 65% of the individual's earnings could be withheld for support, and since this amount would be subtracted to determine "disposable earnings," an additional 25% of those disposable earnings could be garnished by creditors. *Koethe,* 328 N.W.2d at 298; *Long Island Trust Company v. United States Postal Service,* 647 F.2d 336, 339–40 (2nd Cir.1981). In effect, Trona Valley FCU is asking us to consider support garnishments independently of creditor garnishments and construe the statutes as reserving 25% of an individual's earnings for attachment and leaving the re-

maining 75% for personal and family expenses, including support orders.

Given the overall purpose of the Act [15 U.S.C. § 1671 *et seq.*] and the priority accorded in New York to garnishments for support, we find no merit in Long Island Trust's argument, that 25 percent of an employee's disposable earnings are reserved for creditors and that up to 65 percent *more* may be garnished to enforce a support order. Certainly, the structure of the section—with subsection (a) entitled "Maximum allowable garnishment" and subsection (b) setting forth "Exceptions" for support garnishments—does not suggest such an interpretation. Had Long Island Trust's interpretation been the intended thrust of the Act, subsection (b) would more appropriately have been entitled "Additions" rather than "Exceptions." And in view of Congress's overall purpose of restricting garnishments in order to decrease the number of personal bankruptcies, it would be unjustifiable to infer that the general ceiling and its exceptions were intended to be cumulated to allow garnishments of disposable income to the total extent of 90 percent. Thus, we hold that where, as here, support garnishments have priority and result in the withholding of 25 percent or more of an employee's disposable earnings, creditor garnishment is impermissible under the Act.

*Long Island Trust Company,* 647 F.2d at 341. Wyoming, like New York, gives priority to support garnishments. Accordingly, creditor's garnishments may be imposed only to the extent support garnishments do not exceed the general 25% limit for garnishments.

[¶ 15] We are sympathetic to the concerns expressed by Trona Valley FCU that the statute, as construed, can limit or even prevent a judgment creditor from recovering their money by allowing debtors to evade payment when their support orders exceed the general statutory maximum of 25%. The purpose behind these statutes was to deter predatory credit practices while preserving debtors' employment and insuring a continuing means of support for themselves and their dependents. 15 U.S.C.A. § 1671 (1998); *Kahn v. Trustees of Columbia University,* 109 A.D.2d 395, 492 N.Y.S.2d 33, 37 (N.Y.A.D. 1 Dept.1985). The Wyoming legislature has made a policy choice to give priority to support orders. That is the legislature's prerogative, and it is hard to argue against a policy whose purpose is to ensure the financial well being of an employee's family. In any event, these statutes merely prohibit the garnishment of a debtor's wages and do not inhibit a judgment creditor from pursuing other means to collect on a judgment. *See, e.g.,* Wyo. Stat. Ann. § 1–15–201 through –212 (LexisNexis 2001) (attachment).

## CONCLUSION

[¶ 16] Garnishments are generally limited to 25% of an individual's disposable income with an exception up to 65% for support order garnishments. Support garnishments have priority under Wyoming law, and creditor judgment garnishments may be imposed only to the extent support garnishments do not exceed the general 25% limit. Accordingly, support garnishments are not to be treated as an exemption to be deducted from gross earnings in calculating disposable earnings.

[¶ 17] This matter is reversed and remanded with instructions for the district court to enter a garnishment order in conformity with this opinion.