DAVIS, Chief Justice.
[¶1] Bruce Knell, Jr. and Tanya Knell were divorced in 2015, and in 2018 Ms. Knell applied for a writ of garnishment against Mr. Knell's earnings for amounts owing under the property division ordered by the district court. Over Mr. Knell's objection, the district *1264 court ruled the garnishment enforceable, and Mr. Knell appealed. We reverse.
ISSUE
[¶2] This appeal presents a single issue: Did the garnishment ordered by the district court exceed the statutory limits on creditor garnishments?
FACTS
[¶3] The Knells divorced in 2015. Pursuant to the divorce decree, Mr. Knell was ordered to pay child support for the couple's three children in the amount of $1,393.00 per month. The decree ordered:
[P]resumptive child support for the three minor children shall be set at $1,393.00. The first payment shall be due on June 1, 2015. Subsequent payments shall be made on or before the 1st day of each month thereafter until said children reach the age of majority and graduate from high school, or become otherwise emancipated. All child support payments shall be made payable to the Clerk of District Court and sent to the Clerk of District Court, Ninth Judicial District, Fremont County Courthouse, P.O. Box 370, Lander, WY 82520, and shall include the Civil Number of this case. The parties shall comply with W.S. §§ 20-6-201 through 20-6-222 as necessary to provide for the child support as herein set forth.
[¶4] Mr. Knell was also ordered to pay Ms. Knell the sum of $541,873.10 for her 49% ownership interest in the couple's business. With regard to that payment, the decree provided:
The plaintiff [Mr. Knell] shall pay the defendant the sum of $541,873.10 for her 49% ownership (equity) interest, in Knell Transport, LLC, as valued on December 31, 2013 and computed as set forth above. The defendant is granted a judgment against the plaintiff for said amount. The plaintiff shall pay the defendant the amount of $541,873.10 within 90 (ninety) days of the date of this judgment and decree in cash or certified funds. No interest shall be due provided the full amount is paid within the 90 (ninety) days. Any part of said sum not paid in full within 90 (ninety) days should bear interest at the statutory rate of 10%. A judicial lien is hereby imposed on all of the assets set over to the plaintiff, including all real and personal property, as well as any and all after acquired property both real and personal, as well as the ownership interest in Knell Transportation, LLC, and the same are encumbered by such judicial lien until such time as the $541,873.10 is paid by the plaintiff to the defendant as set forth above.
[¶5] On March 23, 2018, Ms. Knell filed an application for issuance of a writ of continuing garnishment of Mr. Knell's wages. The application identified the amount still owing as $499,826.88, plus interest. On that same date, the clerk of district court issued the requested writ and served it on Mr. Knell's employer, Knell Enterprises. Mr. Knell objected to the writ, arguing that because his child support obligation already resulted in a withholding of more than 25% of his disposable earnings, a creditor garnishment was impermissible. In support of his objection, he submitted an affidavit stating:
5. Before deduction for child support, I receive a gross monthly income of four thousand dollars ($4,000.00) from my employment with Knell Enterprises, LLC, paid in bi-weekly payroll checks in the amount of two thousand dollars ($2,000.00) each (a total of two checks).
6. After deductions for FICA, Social Security and Medicare but before deduction for child support, my net bi-weekly payroll check totals one thousand six hundred seventy-five dollars ($1,675.00).
7. My net monthly earnings total three thousand three hundred fifty dollars ($3,350.00) before deduction of child support.
8. Pursuant to the terms and conditions of the Judgment and Decree of Divorce entered herein on May 19, 2015, I am obligated to pay the sum of one thousand three hundred ninety-three dollars ($1,393.00) per month in child support with said obligation commencing on June 1, 2015, and monthly thereafter.
9. On a monthly basis, approximately forty-two percent (42.00%) of my net monthly *1265 income is committed to payment of my monthly child support obligation ($1,393.00/$3,350.00). This same percentage applies to a bi-weekly calculation ($696.50/$1,675.00).
10. My bi-weekly child support obligation is deducted from my payroll check and remitted in the form of a check from my employer, Knell Enterprises, LLC, to the Wyoming Department of Family Services, State of Wyoming Disbursement Unit ....
11. The amount of the payment of bi-weekly child support is deducted from my payroll check for each payroll period.
12. After deduction of child support, I receive a net payroll check in the amount of nine hundred seventy-eight dollars and fifty cents ($978.50) ($1,675.00 - ($1,393.00/2)) on a bi-weekly basis.
[¶6] On July 16, 2018, the district court held a hearing on Mr. Knell's objections.[1] The court thereafter entered an Order After Garnishment Hearing, overruling Mr. Knell's objection and enforcing the writ. It found:
1. The Writ of Garnishment of March 23, 2018, in the amount of $418.75 per paycheck for employee Bruce Knell, is enforceable despite Plaintiff/Judgment Debtor's child support obligation. Therefore, Plaintiff/Judgment Debtor's objection to garnishment should be DENIED.
2. The Writ of Garnishment is enforceable from March 23, 2018 forward with payments due and owing twice monthly.
3. Accordingly, Garnishee Knell Enterprises, LLC shall immediately pay $418.75 to the Clerk of District Court for the Ninth Judicial District for payment to Defendant/Judgment Creditor Tanya Knell for each paycheck issued from March 23, 2018 forward on an ongoing basis.
[¶7] Mr. Knell timely appealed the district court's ruling to this Court.
STANDARD OF REVIEW
[¶8] Ms. Knell chose not to participate in proceedings before this Court, and our review of the record suggests that there were no factual disputes concerning the ordered garnishment. This appeal therefore presents only the question of whether the garnishment exceeded the statutory limits on creditor garnishments. This is a question of law that we review de novo. Wyo. Jet Center, LLC v. Jackson Hole Airport Bd. , 2019 WY 6, ¶ 11, 432 P.3d 910, 915 (Wyo. 2019) ; see also Union Pacific R.R. v. Trona Valley Fed. Credit Union , 2002 WY 165, ¶ 6, 57 P.3d 1203, 1205 (Wyo. 2002) (reviewing interpretation of garnishment statutes de novo).
DISCUSSION
[¶9] The federal Consumer Credit Protection Act (CCPA) limits the amount of an individual's earnings that may be garnished. It provides in relevant part:
a) Maximum allowable garnishment
Except as provided in subsection (b) and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed
(1) 25 per centum of his disposable earnings for that week, or
(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable, whichever is less. In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).
b) Exceptions
(1) The restrictions of subsection (a) do not apply in the case of
(A) any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.
*1266 * * * *
(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed-
(A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week ....
15 U.S.C.A. § 1673.
[¶10] Wyoming law parallels the CCPA and imposes the same limits on garnishment of disposable earnings.[2] Wyo. Stat. Ann. §§ 1-15-511(a) ; 20-6-210(b)(iii) (LexisNexis 2019). The upshot is that both laws limit creditor garnishments to 25% of an individual's disposable earnings and support garnishments to 50% or 60% of disposable earnings, depending on the circumstances.[3] Union Pacific , ¶ 11, 57 P.3d at 1207-08.
[¶11] The CCPA does not address the priority of garnishments, but instead leaves that to state law. 29 C.F.R. § 870.11(b)(2) ; see also Koethe v. Johnson , 328 N.W.2d 293, 297 (Iowa 1982) (priority between garnishments to be determined by state law). Under Wyoming law, an order withholding income for child support has priority over any other garnishment. Wyo. Stat. Ann. § 20-6-219 ; Union Pacific , ¶ 12, 57 P.3d at 1208. We have thus said:
Garnishments are generally limited to 25% of an individual's disposable income with an exception up to 6[0]% for support order garnishments. Support garnishments have priority under Wyoming law, and creditor judgment garnishments may be imposed only to the extent support garnishments do not exceed the general 25% limit.
Union Pacific , ¶ 16, 57 P.3d at 1209.
[¶12] In this case, the district court did not enter an income withholding order. Mr. Knell instead voluntarily remits his child support to the Department of Family Services, State Disbursement Unit, through income withholding by his employer.[4] The question then is whether this voluntary remittance constitutes a support garnishment.
[¶13] The CCPA defines a garnishment to mean "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C.A. § 1672(c) ; see also Wyo. Stat. Ann. § 1-15-501(a)(vi). Other courts have interpreted this to include a voluntary wage assignment. For example, in Voss Products, Inc. v. Carlton , 147 F.Supp.2d 892, 893 (E.D. Tenn. 2001), the defendant and his wife entered into a marital dissolution agreement under which the defendant agreed to a voluntary wage assignment for his child support obligations. A creditor of the defendant thereafter applied for a writ of garnishment and argued that the defendant's support obligation should not be treated as a priority garnishment because it was a voluntary wage assignment. Voss Products , 147 F.Supp.2d at 894. The federal court rejected the argument based on the CCPA's definition of garnishment.
The following language in Marshall v. District Court for Forty-First-b Judicial District of Michigan , 444 F.Supp. 1110, 1116 (E.D. Mich. 1978) is persuasive:
Any order for the support of any person within the scope of § 303(b)(1) of the Act ... is an order falling within the definition *1267 of "garnishment" order contained in § 302(c) of the Act, if, pursuant to it, the earnings of any individual are required to be withheld to meet the requirements of the order.
Accordingly, I conclude that the wage assignment made by plaintiff to satisfy his support obligations was a "garnishment" within the meaning of 15 U.S.C. § 1672(c). For the purposes of this Act, it is immaterial whether the court order orders or merely coerces a principal defendant to assign a portion of his wages for support. Marshall , 444 F.Supp. at 1116.
Voss Products , 147 F.Supp.2d at 896 (emphasis in original); see also Koethe , 328 N.W.2d at 297 ) (reaching same conclusion).
[¶14] We agree with these authorities. Although the district court did not enter an income withholding order in this case, we see no meaningful distinction between Mr. Knell's voluntary payroll deduction and a garnishment. The divorce decree's support order requires Mr. Knell to pay a percentage of his monthly earnings for child support, and if he fails to do so, an income withholding order will be entered without a hearing. See Wyo. Stat. Ann. § 20-6-204(b) ("An income withholding order under this subsection shall be entered without a hearing if an arrearage occurs."). In other words, the support order itself, with or without an income withholding order, requires the same dedication of earnings that would result from a garnishment. As another court observed:
[I]t would seem clear that when a support order provides for payment to the Support Collection Unit and all such orders must provide for a wage deduction order upon a failure to make a designated number of payments, that in such a case the federally mandated percentages do apply. This is so for the reason that the wage deduction order is served on the employer upon the happening of the contingency of non-payment and that no such order could be carried out by an employer which exceeds the mandated percentages without additional notice to respondent. See , Fuentes v. Shevin , 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) ; Sniadach v. Family Finance Corp. , 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).
Liedka v. Liedka , 101 Misc.2d 305, 423 N.Y.S.2d 788, 791 (N.Y. Fam. Ct. 1979).[5]
[¶15] We hold that for purposes of calculating the limits on individual garnishments, a child support order equates to a garnishment. To conclude otherwise would result in an unfair and absurd application of the CCPA's protections, because one who is subject to an income withholding order because of an arrearage would be afforded the Act's protections, whereas an individual who remains current through voluntary payroll deductions would not. Our holding also comports with the policy objective we recognized in Union Pacific .
We are sympathetic to the concerns expressed by Trona Valley FCU that the statute, as construed, can limit or even prevent a judgment creditor from recovering their money by allowing debtors to evade payment when their support orders exceed the general statutory maximum of 25%. The purpose behind these statutes was to deter predatory credit practices while preserving debtors' employment and insuring a continuing means of support for themselves and their dependents. 15 U.S.C.A. § 1671 (1998) ; Kahn v. Trustees of Columbia University , 109 A.D.2d 395, 492 N.Y.S.2d 33, 37 (N.Y.A.D. 1 Dept. 1985). The Wyoming legislature has made a policy choice to give priority to support orders. That is the legislature's prerogative, and it is hard to argue against a policy whose purpose is to ensure the financial well being of an employee's family. In any event, these statutes merely prohibit *1268 the garnishment of a debtor's wages and do not inhibit a judgment creditor from pursuing other means to collect on a judgment. See, e.g. , Wyo. Stat. Ann. § 1-15-201 through -212 (LexisNexis 2001) (attachment).
Union Pacific , ¶ 15, 57 P.3d at 1209.
[¶16] Because we conclude that a support order must be treated as a garnishment, "creditor judgment garnishments may be imposed only to the extent support garnishments do not exceed the general 25% limit." Union Pacific , ¶ 16, 57 P.3d at 1209. Mr. Knell's monthly disposable earnings total $3,350, and his monthly child support obligation is $1,393. His support garnishment is therefore approximately 42% of his disposable earnings, which precludes any additional creditor garnishments. The district court thus erred in enforcing the additional garnishment for the property settlement debt to Ms. Knell. Reversed.

It is not clear from the record whether the hearing was an evidentiary hearing or limited to argument on the writ and objection.

" 'Disposable earnings' means that part of an individual's earnings remaining after the deduction of all amounts required by law to be withheld." Wyo. Stat. Ann. § 1-15-501(a)(iii).

Additional percentages may be garnished for support payments under certain circumstances where an arrearage exists, but those provisions are not relevant here. See 15 U.S.C.A. § 1673(b)(2)(B).

The record does not tell us when Mr. Knell changed from making payments to the clerk of court, as required by the decree, to having his employer remit the payments to the disbursement unit, or if that had been his payment method from the outset.

The Wisconsin Court of Appeals reached a different result and held that because the child support order in question did not order income withholding, it was not a garnishment. Carpenter v. Mumaw , 230 Wis.2d 384, 602 N.W.2d 536, 542 (Wis. App. 1999). We find that decision less persuasive as a matter of policy, and because it relied in great part on Wisconsin statutes and the procedure for obtaining an income withholding order upon an arrearage. Id . Unlike the Wyo. Stat. Ann. § 20-6-204(b) requirement that an income withholding order issue without a hearing upon the event of an arrearage, the Wisconsin statute requires notice and an opportunity to be heard. Id .